IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING, LLC, ET AL ) ) ) Plaintiffs, ) ) v. ) ) ) D.J. MILLER MUSIC DISTRIBUTORS, INC., ET AL ) ) ) Defendants. ) | Case No. 3:09-cv– 1098 <br><br> Judge John T. Nixon <br><br> Magistrate Judge Juliet Griffin |

**JS KARAOKE, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES**

COMES NOW Defendant JSK Karaoke, LLC ("JSK") and respectfully moves this Court to enter an Order compelling Sony/ATV Music Publishing, LLC; Sony/ATV Tunes, LLC; Sony/ATV Songs, LLC; Sony/ATV Sounds, LLC; Sony/ATV Discos Music Publishing, LLC; Sony/ATV Latin Music Publishing, LLC; and Lowery Music Company, Inc. (collectively "Plaintiffs") to properly, fully, and completely respond to JSK's First Set of Interrogatories and First Set of Requests for Production of Documents within five (5) days of entry of such an Order.

JSK's discovery focuses primarily on three areas. First, JSK focuses on ownership issues related to the approximately 732 works alleged to be infringed by one or more of the Defendants, including alleged infringement by Jean Strauser, who Plaintiffs assert is an *alter ego* of JSK. *See* Proposed Third Amended Complaint ¶¶ 18-20. As publicly acknowledged by Plaintiffs' counsel in an article in the Tennessee Bar Journal, "The essential element of a copyright-infringement case are ownership and copying." Timothy L. Warnock, "Where'd You Get THAT Idea?", Tennessee Bar Journal Voume 46 No. 6 (June 2010), copy attached to hereto as **Exhibit 1**.

Plaintiffs, however, openly refuse to provide information and documents regarding ownership of the 732 works that are relevant and likely to lead to the discovery of admissible evidence.

Second, JSK seeks information and documents related to communications and interactions with certain karaoke discs manufacturers and producers. Plaintiffs assert that JSK and the other Defendants have engaged in infringement by selling those certain karaoke discs. Plaintiffs, however, openly refuse to provide information and documents related to their communications and interactions with the manufacturers and/or producers of those discs – notwithstanding the fact that such communications are directly relevant and likely to lead to admissible evidence regarding whether the works on the karaoke discs at issue were properly licensed.

Third, JSK seeks information and documents related to Plaintiffs' internal and external communications regarding JSK and the other Defendants. These communications include, but not are not limited to, issues related to (a) whether a binding settlement agreement was in place and (b) JSK and other defendants properly licensed the works and paid royalty amounts due. Plaintiffs refuse to provide such documents by raising numerous improper objections. For example, Plaintiffs have asserted the attorney/client privilege for communications with third parties and have refused to provide information and documents based on the assertion that such information and documents "contain proprietary information" - notwithstanding the fact that the Court entered a stipulated Protective Order (Dkt. No. 55) several months ago.

When confronted with the deficiencies in their discovery in a letter via email and U.S. Mail to Plaintiffs' counsel on June 2, 2010, and subsequently followed up by JSK's counsel on June 10, 2010, Plaintiffs' counsel refused to hold a discovery conference in a timely manner and would not agree to a conference to prepare a joint statement as required by Local Rule 37.01. A

2
N JAM01 777716 v2
2915975-000001 06/16/2010
Case 3:09-cv-01098   Document 61   Filed 06/16/10   Page 2 of 5 PageID #: 1090

true and correct copy of the letter to Plaintiffs' counsel and email exchange with Plaintiffs' counsel are attached hereto as **Exhibits 2 and 3**, respectively. Counsel for the parties further were unable to agree to a time to hold a conference with the Magistrate Judge to discuss these issues. As of the date of the filing of the Motion, the parties have not resolved the discovery issues raised in this Motion. Given that discovery closes on September 1, 2010, and the parties have not yet taken a single deposition, JSK is left with no other choice than to seek the Court's intervention so as to avoid a motion to reset the trial date.

In support of its Motion, JSK attaches hereto true and correct copies of JSK's First Sets of Interrogatories and Requests for Production and Plaintiffs' Responses to the First Sets of Interrogatories and Requests for Production as **Exhibits 4, 5, 6, and 7**, respectively. JSK also attaches hereto charts (1) comparing Plaintiffs' deficient discovery responses to the underlying interrogatories and requests for production (**Exhibit 8**); (2) identifying works-at-issue for which Plaintiffs have not produced any documents whatsoever (**Exhibit 9**); (3) identifying works-at-issue for which Plaintiffs have not produced copies of U.S. Copyright Registrations (**Exhibit 10**); and (4) an exemplar "slip sheet' (**Exhibit 11).** In addition, JSK has filed simultaneously herewith a supporting memorandum of law.

WHEREFORE, JSK respectfully requests the Court to enter an Order compelling Plaintiffs to properly, fully, and completely respond to JSK's First Set of Interrogatories and JSK's First Set of Requests for Production within five (5) days of entry of such an Order. Further, pursuant to Fed. R. Civ. P. 37, JSK respectfully requests the Court to award its attorneys' fees and expenses associated with preparing and arguing this Motion. JSK also requests such other and further relief as may be necessary to enable it to properly prepare for trial of this matter.

## Local Rule 37.01(b)(3) Good Faith Certification

As discussed above, counsel for JSK certifies that he made good faith efforts to confer with Plaintiffs' counsel in an effort to resolve the issues raised in this motion. However, Plaintiffs' counsel was not willing to hold a timely conference and could not provide a time period for response. Counsel for the parties also were unable to agree to a time to hold a conference with the Magistrate Judge. As of the date of the filing of the Motion, the parties have not resolved the discovery issues raised in this Motion. Accordingly, JSK is unable to submit a Joint Statement pursuant to Local Rule 37.01(a).

Dated this the 16th day of June, 2010.

          Respectfully submitted,

          BAKER, DONELSON, BEARMAN,
          CALDWELL & BERKOWITZ, P.C.

By:    s/Samuel F. Miller
       W. Edward Ramage (BPR No. 16261)
       Samuel F. Miller (BPR No. 022936)
       Joshua A. Mullen (BPR No. 28388)
       BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
       Baker Donelson Center, Suite 800
       211 Commerce Street
       Nashville, Tennessee 37201
       Tel: (615) 726-5594
       Fax: (615) 744-5594
       smiller@bakerdonelson.com

*Attorneys for Defendants JS Karaoke LLC, Bottomlinesources.com, John E. Strauser and Jean M. Strauser*

4

N JAM01 777716 v2
2915975-000001 06/16/2010
Case 3:09-cv-01098   Document 61   Filed 06/16/10   Page 4 of 5 PageID #: 1092

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2010, a copy of the foregoing Motion to Compel was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed below.

Timothy L. Warnock
Howell G. O'Rear
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203

Paul Harrison Stacey
Law Offices of Paul Harrison Stacey, P.C.
7225 N. Spring Gulch Road
P.O. Box 4157
Jackson, WY 83001

James C. Bradshaw III
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 372031423

               s/Samuel F. Miller
               Samuel F. Miller

5

N JAM01 777716 v2
2915975-000001 06/16/2010

Case 3:09-cv-01098   Document 61   Filed 06/16/10   Page 5 of 5 PageID #: 1093