IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING, LLC, ET AL <br><br> Plaintiffs, <br><br> v. <br><br> D.J. MILLER MUSIC DISTRIBUTORS, INC., ET AL <br><br> Defendants. | Case No. 3:09-cv-1098 <br><br> Judge John T. Nixon <br><br> Magistrate Judge Juliet Griffin |

## JS KARAOKE, LLC'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO COMPEL

COMES NOW Defendant JSK Karaoke, LLC ("JSK") and in support of its Motion to Compel, which seeks to compel Plaintiffs Sony/ATV Music Publishing, LLC's; Sony/ATV Tunes, LLC's; Sony/ATV Songs, LLC's; Sony/ATV Sounds, LLC's; Sony/ATV Discos Music Publishing, LLC's; Sony/ATV Latin Music Publishing, LLC's; and Lowery Music Company, Inc.'s (collectively the "Plaintiffs") to properly, fully, and complete respond to JSK's First Sets of Interrogatories and Requests for Production, states as follows:

### PRELIMINARY STATEMENT

This is a copyright infringement case in which Plaintiffs allege that JSK and other defendants have infringed approximately 732 separate works. As publicly acknowledged by Plaintiffs' counsel in an article in the Tennessee Bar Journal, "The essential element of a copyright-infringement case are ownership and copying." Timothy L. Warnock, "Where'd You Get THAT Idea?", Tennessee Bar Journal Volume 46 No. 6 (June 2010), copy attached to the

Motion as Exhibit 1. Plaintiffs, however, refuse to provide information and documents in response to interrogatories and requests for production that directly pertain to *both ownership and "copying."*

For example, JSK asked for specific documents related to ownership of the works alleged to be infringed. *See* Interrogatory No. 2 ("…identify (including name, address, email address and phone number if known) all individuals and/or entities that hold an ownership interest in the work and the percentage of ownership interest held."); Request for Production No. 2 ("A copy of each U.S. Copyright Registration for each work that was identified in Sony's response to Interrogatory No. 1 of JSK's First Set of Interrogatories to Sony."); Request for Production No. 7 ("For each work identified in Sony's response to Interrogatory No. 1 of JSK's First Set of Interrogatories, all documents that identify all current owners of each work."). Plaintiffs, however, asserted numerous baseless objections (e.g. "This request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.") and failed to provide even the most fundamental documents – such as copies of the U.S. Copyright Office Registrations for approximately 253 works-at-issue (including no documents whatsoever for approximately 20 of the works) or documents demonstrating ownership. There can be no question that JSK is entitled to documents that demonstrate (or contradict) Plaintiffs' ownership of the works-at-issue.

As another example, JSK asked for specific documents related to Plaintiffs' claims of "copying" of the works-at-issue and JSK's defenses thereto. *See e.g.* Request for Production No. 9 (seeking documents relevant to whether a settlement between the parties bars the present action and whether royalties were paid) and Request for Production No. 74 (requesting any agreements between any of the Plaintiffs and any manufacturer and/or producer of the discs identified in

2

N JAM01 777653 v2
2915975-000001 06/16/2010
Case 3:09-cv-01098   Document 62   Filed 06/16/10   Page 2 of 14 PageID #: 1291

Exhibits A-K of the complaint). Plaintiffs also provided baseless objections (e.g. proprietary information, attorney-client privilege, and relevance) and refused to provide such documents related to whether illegal "copying" of the works occurred.

Plaintiffs' improper refusal to respond to the aforementioned interrogatories and requests for production is emblematic of Plaintiffs' troubling overall strategy in this case. Through their adding, subtracting, and rearranging works alleged to be infringed in their multiple complaints and proposed Third Amended Complaint, and their improper and deficient responses, Plaintiffs seek to improperly and unnecessarily create as much work as possible for JSK (and the other Defendants) while at the same time ignoring their own obligations under the Federal Rules of Civil Procedure. Indeed, it is readily apparent from Plaintiffs' responses to the interrogatories and requests for production regarding damages that they are merely trying to scare JSK (and the other Defendants) with the potential amount of damages even though they may not actually have ownership and standing to assert such claims and be awarded such amount. Given the circumstances and potential amount of damages at issue, it is critically important that Plaintiffs be made to fully adhere to their obligations under the Federal Rules of Civil Procedure.

Regretfully, it appears that the Court will need to step in and force Plaintiffs to meet such obligations. Plaintiffs' counsel rejected JSK's counsel's request for a discovery conference to work through the issues. On June 2, 2010, counsel for JSK sent a letter via email and U.S. Mail to Plaintiffs' counsel in which he identified the deficiencies in Plaintiffs' responses and requested that the responses be corrected and supplemented by June 9, 2010. *See* Motion at Exhibit 2. On June 10, 2010, Plaintiffs' counsel refused to hold a timely discovery conference to discuss the issues in the deficiency letter and prepare the joint statement as required by Local Rule 37.01. *See* Motion at Exhibit 3. Counsel for the parties were unable to agree to a date and
3

time to meet with the Magistrate Judge in lieu of a discovery conference. As of the date of the filing of the Motion, the parties have not resolved the discovery issues raised in this Motion.

Accordingly, JSK respectfully requests the Court to enter an Order compelling Plaintiffs to properly, fully, and completely respond to JSK's First Set of Interrogatories and JSK's First Set of Requests for Production within five (5) days of entry of such an Order. Further, pursuant to Fed. R. Civ. P. 37, JSK respectfully requests the Court to award its attorneys' fees and expenses associated with preparing and arguing this Motion.

## FACTUAL BACKGROUND

On February 10, 2010, JSK served its First Set of Interrogatories and First Set of Requests for Production to Plaintiffs. *See* Motion at Exhibits 4 and 5. On March 24, 2010, Plaintiffs responded to JSK's discovery requests by asserting a multitude of objections and by producing only 79 additional documents (beyond their initial disclosures) in response to JSK's 117 Requests for Production. *See* Motion at Exhibits 6 and 7. Plaintiffs, furthermore, asserted multiple objections based on the work product doctrine and the attorney/client privilege without producing any privilege log in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(5). A full Chart of Plaintiffs' Deficient Discovery is attached as Exhibit 8 to the Motion.[1]

On June 2, 2010, JSK's counsel sent a discovery deficiency letter to Plaintiffs' counsel that highlighted Plaintiffs' failures in responding to JSK's discovery requests. *See* Letter from Samuel Miller to Paul Harrison Stacey (June 2, 2010); attached as Exhibit 2 to the Motion. On June 10, 2010, JSK's counsel sent an email to Plaintiffs' counsel requesting a discovery conference to prepare the joint statement as required by Local Rule 37.01. *See* Exhibit 3 to the

---

[1] Pursuant to Local Rule 37.01(b), Exhibit 3 provides JSK's interrogatories and requests for production that are in dispute, the Plaintiffs' response, and an explanation of why Plaintiffs' response is deficient.

Motion. In response, Plaintiffs' counsel responded that he could not discuss the deficiencies for ten (10) days because he wanted to also discuss any deficiencies with Bottomlinesources.com, Inc.'s (a separate defendant) responses to Plaintiffs' written discovery. *Id*. Although JSK's counsel attempted to set up a conference with the Magistrate Judge, counsel for the parties were unable to agree to a date and time for the conference.

## ARGUMENT

I. **PLAINTIFFS SHOULD BE REQUIRED TO PROVIDE PROPER, FULL, AND COMPLETE RESPONSES TO THE INTERROGATORIES AND REQUESTS FOR PRODUCTION.**

Rule 26(b) provides that parties may obtain discovery regarding any non-privileged matter relevant to the subject matter of the pending action, and that information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). Both the United States Supreme Court and the Sixth Circuit have held that general discovery provisions of the Federal Rules of Civil Procedure are to be liberally construed. *Hickman v. Taylor*, 329 US. 495 (1947); *Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm.*, 418 F.2d 355 (6th Cir. 1969).

In general, Rule 33 of the Federal Rules of Civil Procedure permits a party to serve written interrogatories on another party. Similarly, Rule 34 permits a party to serve written requests for production of documents and other tangible things. Rules 33 and 34 require proper, full, and complete responses within thirty (30) days. Rule 33(b) requires a party to answer each interrogatory separately and fully and to state all grounds for an objection with specificity. Fed. R. Civ. P. 33(b). Additionally, Rule 34 requires a party to produce documents and things in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Documents are within a party's "possession, custody, control" if the party "has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). As a result, Rule 34

5

N JAM01 777653 v2
2915975-000001 06/16/2010
Case 3:09-cv-01098   Document 62   Filed 06/16/10   Page 5 of 14 PageID #: 1294

requires the responding party to search its records and produce the requested relevant data. *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003).

Plaintiffs have failed to properly respond to the JSK's Interrogatories and Requests and have failed to provide a privilege log. Therefore, Plaintiffs have violated Rules 33 and 34 of the Federal Rules of Civil Procedure and should be compelled to respond.

## II. PLAINTIFFS' DISCOVERY RESPONSES RELATED TO OWNERSHIP OF THE SUBJECT WORKS ARE GROSSLY DEFICIENT.

Section 501(b) of the Copyright act provides: "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b) (2009). The Sixth Circuit has made clear that a party alleging infringement of an exclusive right under 17 U.S.C. § 106 must demonstrate ownership of the work at issue. *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004). As stated in JSK's Motion to Dismiss (Dkt. Nos. 27-28), there is significant question as to whether Plaintiffs actually own the works-at-issue and have standing to assert the claims in the present case. Accordingly, discovery related to ownership is not only relevant but also necessary in this case.

### (a) No Documents Whatsoever for 20 Works.

Plaintiffs have not provided any documents whatsoever (including, but not limited to, U.S. Copyright Registrations or documents showing ownership) for 20 of the works-at-issue. A list of the 20 works is attached to the Motion as Exhibit 9.

### (b) The Missing Registrations for 253 Works.

Although Plaintiffs assert that they have provided all of the relevant documents, Plaintiffs have not provided copies of the U.S. Copyright Registrations for 253 works of the 723 works-at-issue. Lists of the works-at-issue lacking evidence of U.S. Copyright Registrations are attached

to the Motion as Exhibits 9 and 10. Failing to provide such documents for early 35% of the works-at-issue is not sufficient for JSK to prepare its defense nor is it sufficient for Plaintiffs to prove their case. Indeed, such documents are directly relevant to whether ownership and the amount of damages that may be awarded. Accordingly, Plaintiffs must provide such clearly and unequivocally relevant documents.

### (c) The Split Sheets.

JSK's Interrogatories and Requests for Production of Documents seek information regarding Plaintiffs' alleged ownership of the subject works. *See* JSK Def.'s Interrogs. Nos. 2-5; JSK Def.'s Req. for Prod. Nos. 5-8, 117. Plaintiffs responded to these discovery requests by referencing the "split sheets" that were produced in their initial disclosures. *See* Pls.' Resp. to JSK Def.'s Interrog. Nos. 2, 5; Pls.' Resp. to JSK Def.'s Req. for Prod. Nos. 5, 7-8. Plaintiffs swear in their response that they do not need to identify their specific ownership in the subject works because they already produced the "split sheets" that are bate-stamped as "Nos. 1065 – 1932." *Id.* However, the "split sheets" do not indicate Plaintiffs' "ownership."

A full review of "documents Nos. 1065 – 1932" that were produced in Plaintiffs' initial disclosures shows that the referenced documents do not indicate the Plaintiffs' ownership. First, documents numbered 001065-001066, 001069, 001071-001116, 001119-001231, 001233-001295, 001298-001325, 001327-001441, and 001143-001446 involve songs which are not listed in any of the Exhibits to Plaintiffs' multiple filed complaints. Further, the documents that actually reference works that are included in the Plaintiffs' Exhibits do not adequately indicate the Plaintiffs' "ownership" interests in the subject works and thus are not responsive to JSK's discovery requests.

For example, according to Plaintiffs' discovery responses, document 001451 provides the ownership information regarding the song, "Act Naturally," which is listed on Exhibits B, D, G,

7

H, K and L to the Second Amended Complaint. Document 001451 is attached to the Motion as Exhibit 11. The "split sheet" for "Act Naturally" does not include the words "own," "owner," or "ownership." *Id.* Instead, document 001451 only references "control." *Id.* Specifically, the document indicates that Sony controls "100%" of the work. *Id.* However, in the lower portion of the same document, it provides:

> SMP CONTROL THIS WORK FOR USA & CANADA ONLY!!
> CARLIN MUSIC CONTROL FOR THE REST OF THE WORLD (EX. USA & CANADA)!
> - SAMP SHOULD QUOTE AND COLLECT 100% FOR ANY U.S. – ORITINATING SYNCH LICENSE, EVEN IF THE TERRITORY OF SUCH LICENSE IS THE WORLD

From a thorough review of both the provided control percentages included on the "split sheets" and their accompanying notes, it is not possible to determine whether Plaintiffs' actually own the works in dispute and impossible to determine the relevant percentages of ownership. Further, it is impossible to tell if Plaintiffs are licensees of the work or merely act as administrators for the collection of royalties. Plaintiffs should be compelled to answer Interrogatories 2 through 5 by listing a response to the requested information. The Court should also compel the Plaintiffs to provide responsive documents.

### (d) The Hokey Pokey.

Plaintiffs' allege that they are entitled to a minimum award of $30,000 per infringement for each infringed work. *See* Pls.' Resp. to JSK Def.'s Interrog. No. 37. In Exhibit M to the Second Amended Complaint, Plaintiffs allege that the JSK Defendants infringed their copyright to the "Hokey Pokey" with a copyright registration number of EP 53086. Sec. Amend. Compl., Ex. M. Thus, if Plaintiffs succeed on their infringement claims against JSK in relation to the "Hokey Pokey," JSK could be required to pay significant damages in relation to the "Hokey Pokey."

8
N JAM01 777653 v2
2915975-000001 06/16/2010
Case 3:09-cv-01098   Document 62   Filed 06/16/10   Page 8 of 14 PageID #: 1297

Requests 25 through 38, 72, and 108 seek documents related to the Plaintiffs' alleged ownership in the "Hokey Pokey" and documents related to any disputes regarding that alleged ownership. JSK Def.'s Req. for Prod. No. 25-38, 72, 108. In response to these Requests, Plaintiffs only have produced 12 documents; some of which are illegible. Pls.' Resp. to JSK Def.'s Req. for Prod. No. 25-38, 72, 108. Plaintiffs refuse to provide additional documents and lodge a multitude of objections; including objections based on relevance. *Id.*

Requests 25 through 38, 72, and 108 seek highly relevant documents because Plaintiffs' supposed ownership of the "Hokey Pokey" is in doubt. JSK's ongoing investigation indicates that Sony may not have obtained their alleged interest in the "Hokey Pokey" from the actual author of the "Hokey Pokey." The limited documents produced by Plaintiffs support this contention by showing that Plaintiffs have previously been involved in disputes regarding the true authorship of the "Hokey Pokey." Plaintiffs, however, have failed to provide sufficient discovery to determine whether they actually own the "Hokey Pokey."

### III. PLAINTIFFS' DISCOVERY RESPONSES RELATED TO COMMUNICATIONS BETWEEN THE PARTIES AND BETWEEN THE PARTIES AND THIRD PARTIES ARE GROSSLY DEFICIENT.

Plaintiffs fail to properly respond to interrogatories and requests for production related to directly relevant communications and related documents. First, JSK seeks information and documents related to communications and interactions with certain karaoke discs manufacturers and producers. *See, e.g.,* Requests for Production Nos. 48-51 and 73-74. Plaintiffs assert that JSK and the other defendants have engaged in infringement by selling those certain karaoke discs. Plaintiffs, however, openly refuse to provide information and documents related to their communications and interactions with the manufacturers and/or producers of the discs – notwithstanding the fact that such communications are directly relevant and likely to lead to

9

N JAM01 777653 v2
2915975-000001 06/16/2010

Case 3:09-cv-01098 Document 62 Filed 06/16/10 Page 9 of 14 PageID #: 1298

admissible evidence regarding whether the works on the karaoke discs at issue were properly licensed. *See, e.g.,* Pls. Resp. to Requests for Production Nos.

Second, JSK seeks information and documents related to Plaintiffs internal and external communications regarding JSK and the other Defendants. *See, e.g.,* Requests for Production Nos. 9-24 and 52-54. These communications include, but not are not limited to, issues related to (a) whether a binding settlement agreement was in place and (b) JSK and other defendants licensed the right to use the works-at-issue and properly paid royalty amounts due. Plaintiffs refuse to provide such documents by raising numerous improper objections such as (1) objecting to clearly relevant information or information likely to lead to the discovery of admissible evidence; (2) asserting that the confidential nature of documents bars disclosure (notwithstanding the Protective Order entered in this case, Dkt. No. 55) (*see* Pls. Resp. to Request for Production No. 9); and (3) asserting attorney-client privilege and work product doctrine over documents that have no such protection due to disclosure to JSK, other defendants, and/or third parties (*see, e.g.,* Pls. Resp. to Requests for Production Nos. 88-89). Plaintiffs also object on the basis of the pending Motion to Dismiss despite the fact that the Case Management Order (Dkt. No. 23) at ¶ 5 states, "There shall be no stay of discovery pending the resolution of the anticipated motion to dismiss." Indeed, given Plaintiffs' baseless objections, there is significant question as to whether Plaintiffs have actually conducted a full and proper search and collection of responsive information and documents.

### IV. PLAINTIFFS' LODGE MULTIPLE ATTORNEY/CLIENT AND WORK PRODUCT OBJECTIONS WITHOUT PROVIDING A PRIVILEGE LOG.

Rule 26(b)(5) provides:

> (A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Plaintiffs assert the attorney/client privilege in response to over 38 Requests for Production. Pls.' Resp. to JSK Def.'s Req. for Prod. Nos. 6-8, 13-37, 47, 89, 100-102, 104-105, 107-108, 112, 117. The attorney/client privilege has absolutely no bearing on many of these requests. *See, e.g.,* Request No. 89 (seeking documents sent to or received from Kevin Mahoney, an agent of JSK). Further, Plaintiffs have not provided a privilege log that identifies the privileged documents. Therefore, Plaintiffs have violated Rule 26(b)(5) of the Federal Rules of Civil Procedure and should be compelled to remove the objections and/or produce the required privilege log.

V. **JSK HAS INCURRED SUBSTANTIAL TIME AND EXPENSE RELATED TO PLAINTIFFS' FAILURE TO ADEQUATELY RESPOND TO DISCOVERY REQUESTS.**

Since the commencement of this litigation, the JSK Defendants' have spent significant time and money culling through the myriad of revisions to the exhibits to the multiple amended complaints and proposed Third Amended Complaint to determine exactly which works are at issue. Indeed, it is clear that Plaintiff does not actually know the number of works that are alleged to be infringed. *See* Pls. Resp. to Interrog. No. 37 (which does not take into account duplicative works on each Exhibit – an important fact because statutory damages are awarded per work not per infringement under 17 U.S.C. § 504). Throughout the duration of this case, Plaintiffs have and continue to play "hide and seek" with their alleged interests in the subject works by filing four separate Complaints; all of which fail to indicate the Plaintiffs' alleged ownership. Plaintiffs now have provided severely deficient discovery responses and forced JSK and the other defendants to spend additional time and effort to seek relief from the Court.

## VI. PLAINTIFFS' FAILURE TO PROPERLY RESPOND TO JSK'S DISCOVERY REQUESTS ENTITLES JSK TO ITS ATTORNEYS' FEES AND EXPENSES ASSOCIATED WITH FILING THIS MOTION.

Rule 37 of the Federal Rules of Civil Procedure permits a party to move for an order compelling disclosure of properly requested materials. If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the Court "shall" require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A); *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003) (after granting a motion to compel and providing the responding party an opportunity to be heard, the court "shall" require the responding party to pay the moving party's expenses unless the responding party had a "substantial justification" or some other circumstance that makes such an award unjust). The choice of what sanction to impose is vested in the Court's discretion. *Id*.

JSK has made substantial extrajudicial efforts to gain Plaintiffs' voluntary compliance with its discovery obligations. Rather than provide the information and documents sought in the Interrogatories and Requests, Plaintiffs have unreasonably, unnecessarily, and unlawfully refused to provide adequate responses to the Interrogatories and Requests for Production. Therefore, JSK is left with no other option than to seek relief from the Court.

In light of these facts, JSK requests that the Court compel Plaintiffs to supplement their responses to JSK's Interrogatories and Requests for Production within five (5) days of the Court's Order. Further, in accordance with Rule 37(a)(5)(A), JSK requests that it be awarded attorneys' fees in bringing this Motion which was necessitated by Plaintiffs' failure to respond. Indeed, under Rule 37(d)(3), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified…" Fed. R. Civ. P. 37(d)(3) (emphasis added).

Plaintiffs' failure is not substantially justified and JSK certifies that it has attempted in good faith to obtain the requested discovery without burdening the Court.

## CONCLUSION

The Court should order Plaintiffs to provide supplemental responses to JSK's First Set of Interrogatories and Requests for Production within (5) days of entry of an Order granting the Motion. Moreover, JSK should be awarded its attorneys' fees and expenses incurred in preparing, filing, and arguing its Motion.

Dated this the 16th day of June, 2010.

                        Respectfully submitted,

                        BAKER, DONELSON, BEARMAN,
                        CALDWELL & BERKOWITZ, P.C.

By:    s/Samuel F. Miller
        W. Edward Ramage (BPR No. 16261)
        Samuel F. Miller (BPR No. 022936)
        Joshua A. Mullen (BPR No. 28388)
        BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
        Baker Donelson Center, Suite 800
        211 Commerce Street
        Nashville, Tennessee 37201
        Tel: (615) 726-5594
        Fax: (615) 744-5594
        smiller@bakerdonelson.com

*Attorneys for Defendants JS Karaoke LLC, Bottomlinesources.com, John E. Strauser and Jean M. Strauser*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2010, a copy of the foregoing Memorandum in Support of the Motion to Compel was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed below.

Timothy L. Warnock
Howell G. O'Rear
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203

Paul Harrison Stacey
Law Offices of Paul Harrison Stacey, P.C.
7225 N. Spring Gulch Road
P.O. Box 4157
Jackson, WY 83001

James C. Bradshaw III
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 372031423

s/Samuel F. Miller
Samuel F. Miller