IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SONY/ATV MUSIC PUBLISHING LLC et al., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 3:09-cv-01098 |
| | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| D.J. MILLER MUSIC DISTRIBUTORS, | ) | |
| INC., et al., | ) | Jury Demand |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Before the Court is Defendants JS Karaoke, LLC, BottomLineSources.com, Inc., Jean Strauser, and John Strauser's ("the JSK Defendants") Motion to Dismiss (Doc. No. 27). Plaintiffs filed a Response in Opposition (Doc. No. 33), along with a Motion for Leave to File Third Amended Complaint, *Instanter*, and to Join Additional Defendant (Doc. No. 31). Also pending is the JSK Defendants' Response in Opposition to Plaintiffs' Motion Seeking Leave to File a Third Amended Complaint (Doc. No. 44), and Reply in Support of their Motion to Dismiss (Doc. No. 50).[1] For the reasons discussed herein, Plaintiffs' Motion is granted, and Defendants' Motion is granted in part and denied in part.

I. BACKGROUND

A. *Factual Background*

---

[1] Plaintiffs also filed a motion seeking a two-week stay of any decision on the JSK Defendants' Motion to Dismiss (Doc. No. 40) on the ground that Plaintiffs were trying to obtain expedited copyright registrations of six music compositions: (1) "S.O.S"; (2) "Goodnight and Goodbye"; (3) "Hello Beautiful"; (4) "Just Friends"; (5) "Still In Love With You"; (6) "When You Look Me in the Eyes"; however, the U.S. Copyright Office had been closed due to severe inclement weather and personnel in that office had not been able to act on the copyright registration applications for these works. The motion seeking a two-week stay is now moot because Plaintiffs obtained the copyright registrations on the six works and filed notice of them with the Court. (Doc. No. 42.)

Plaintiffs allege[2] that they are the owners/administrators of music copyrights in numerous original music compositions, which are identified on schedules attached to the Second Amended Complaint as Exhibits A-M. Plaintiffs further allege that at least since early 2006, all of the Defendants had been participating in the manufacture, reproduction, distribution, advertising, promotion and offering for sale of illegal and unauthorized copies of Plaintiffs' music compositions in the form of karaoke recordings in various formats for discs and Internet downloads. Plaintiffs allege that Defendants' conduct constituted direct, contributory and vicarious infringement of Plaintiffs' music copyrights, depriving Plaintiffs of goodwill and usual and customary royalties to which they would be entitled if the music compositions at issue were properly licensed with synchronization licenses, karaoke licenses or advertising/promotional licenses. Plaintiffs asserted ten claims for relief for various forms of copyright infringement and unfair competition against the JSK Defendants and certain other Defendants who are not at issue in this Motion to Dismiss.

The JSK Defendants contend in their Motion to Dismiss (Doc. No. 27) and Memorandum in Support (Doc. No. 28) that: Plaintiffs' First, Second, Third, Fourth, Sixth, Seventh, Eighth, and Ninth claims for relief should be dismissed because Plaintiffs failed to allege sufficient facts to support their claim of alleged ownership in the subject works; the common law unfair competition claims should be dismissed because they are preempted by the Federal Copyright Act of 1976, 17 U.S.C. § 301(a); Plaintiffs and the JSK Defendants entered into a valid and enforceable settlement agreement that precludes Plaintiffs from pursuing all claims; Plaintiffs do not own several of the music compositions listed on the schedules and although Lowery Music Company, Inc., is listed as a party Plaintiff, Lowery does not own any of the music compositions

---

[2] The following facts are drawn from Plaintiffs' Second Amended Complaint (Doc. No. 26) unless otherwise noted.

on the schedules; and, before filing suit, Plaintiffs failed to obtain copyright registrations for the six music compositions named in Note 1, such that the Court lacks subject matter jurisdiction to entertain the suit as to those six compositions.

During the litigation, the Supreme Court issued *Reed Elsevier, Inc. v. Muchnick*, __ U.S. __, 130 S. Ct. 1237 (2010), holding that the copyright registration requirement of 17 U.S.C. § 411(a) is a precondition to filing a copyright infringement claim, but that the copyright holder's failure to comply with that requirement does not restrict a federal court's subject matter jurisdiction over infringement claims involving unregistered works. *Id.* at 1245-49. The Court declined to decide whether § 411(a)'s registration requirement is a mandatory precondition to suit that a district court should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works. *Id.* at 1249. Plaintiffs and Defendants provided the Court with copies of this Supreme Court opinion. (Doc. Nos. 46 & 48.) Defendants now concede that their motion to dismiss on the basis of lack of subject matter jurisdiction must be denied, but they contend that Plaintiffs' claims of copyright infringement concerning the six works must still be dismissed under Rule 12(b)(6) because Plaintiffs did not obtain copyright registrations for the six works listed in Note 1 before Plaintiffs filed suit.

B. *Procedural Background*

Plaintiffs filed a Complaint against Defendants on November 16, 2009 (Doc. No. 1) and an Amended Complaint on December 2, 2009 (Doc. No. 8). Plaintiffs were granted leave to file a Second Amended Complaint on January 21, 2010 (Doc. No. 25) and did so on the same day (Doc. No. 26). On January 28, 2010, The JSK Defendants filed a Motion to Dismiss (Doc. No. 27) and Memorandum in Support (Doc. No. 28). On February 12, 2010, Plaintiffs filed a Response in Opposition (Doc. No. 33), along with a Motion for Leave to File Third Amended

Complaint, *Instanter*, and to Join Additional Defendant (Doc. No. 31) and Memorandum in Support (Doc. No. 32). On February 26, 2010, JSK Defendants filed a Response in Opposition to Plaintiffs' Motion Seeking Leave to File a Third Amended Complaint (Doc. No. 44). On March 5, 2010, JSK Defendants filed a Reply in Support of their Motion to Dismiss (Doc. No. 50).

On April 29, 2010, this case was reassigned from Senior Judge Echols to Senior Judge Nixon. (Doc. No. 57.)

## II. ANALYSIS

### A. Legal Standard

In ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the allegations made in the complaint and construe the allegations in the plaintiff's favor. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain recovery under some viable legal theory. *Id.* at 944; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### B. Plaintiff's Ability to File a Third Amended Complaint

It behooves the Court to address first Plaintiffs' ability to file another amended complaint. Leave to amend a pleading shall be freely given when justice so requires. Fed. R.

Civ. P. 15(a). The revised pleading clarifies Plaintiffs' allegations concerning ownership of the music compositions and deletes 47 songs; eliminates any claim by Lowery Music Company, Inc., and dismisses that entity as a Plaintiff; and eliminates the Tennessee common law claims for unfair competition. The Court grants Plaintiffs leave to file the Third Amended Complaint. The Sixth Circuit has stated that the following factors are relevant to the decision as to whether to grant leave to amend a pleading:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004). In the instant case, there has been no undue delay in requesting the amendment. Indeed, Plaintiffs' request for leave to amend the complaint, albeit for a third time, was less than three months after the filing of the initial Complaint. There is no allegation of lack of notice to the opposing party and no undue prejudice to the JSK Defendants at this relatively early stage of the discovery process; although Defendants assert that the series of requested amendments has created additional work for them and counsel (Doc. No. 44 at 4), this alone does not rise to the level of prejudice. Amendment is also in the interest of the efficient administration of justice to reduce the number of claims and clarify the allegations made against the opposing parties, as Plaintiffs purport to do.

Additionally, a defendant may be joined in an action where "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Joinder of the proposed additional defendant, Emerson Radio Corp., appears to be

proper based upon the allegations of its vicarious liability for copyright infringement of the JSK Defendants relative to the unlicensed electronic consumer products bearing the "Emerson" brand. Plaintiffs allege Emerson has a financial interest in the sales of the products and is believed to have retained control over the process of manufacturing, distribution, and sales based upon its contractual "licensing" arrangement with the JSK Defendants.

C. *Effect of Plaintiff's Third Amended Complaint on JSK Defendants' Motion to Dismiss*

The filing of the Third Amended Complaint thus renders moot the bases for dismissal asserted by the JSK Defendants in paragraphs 1, 2, and 4, of their Motion to Dismiss (Doc. No. 27). As to paragraph 3 of the Motion to Dismiss, concerning whether there was a valid and enforceable settlement agreement between the parties, the Court observes that both parties presented affidavits and other forms of evidence in support of their positions on this subject. (Doc. Nos. 28-3, 34, 35, 36, 37, 38 & 39.) The Court cannot resolve the legal issue of whether there was a valid and enforceable settlement agreement without considering this evidence. Neither party has asked the Court to convert the Rule 12(b)(6) motion to one for summary judgment under Fed. R. Civ. P. 56, and at this early stage in the discovery process the Court is not inclined to convert the motion from Rule 12 to Rule 56 *sua sponte*. The Court will deny the Rule 12(b)(6) motion to dismiss on this issue without prejudice to the JSK Defendants' right to renew the issue in a summary judgment motion at the conclusion of discovery.

D. *Effect of* Reed Elsevier *Decision on JSK Defendants' Motion to Dismiss*

Finally, as to the last ground for dismissal and as alluded to earlier, *Reed Elsevier* disposes of the JSK Defendants' claim that this Court is required to dismiss Plaintiffs' copyright infringement claims as to the six songs listed in Note 1 for lack of subject matter jurisdiction.

The Court nonetheless concludes, however, that JSK Defendants' motion to dismiss as to these six songs must be granted for failure to state a claim.

Plaintiffs did not obtain copyright registrations for these six songs until after Plaintiffs filed this lawsuit. Section 411(a) plainly states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistation or registration of the copyright claim has been made in accordance with this title." The Supreme Court made clear in *Reed Elsevier* that copyright registration is a prerequisite to filing a federal suit. *Reed Elsevier*, 130 S. Ct. at 1242. Before *Reed Elsevier* was decided, three other district judges in the Middle District of Tennessee interpreted § 411(a) as showing "a clear congressional intent to have the Copyright Office review the materials submitted and pass judgment on their copyrightability before those materials are considered 'registered' for purposes . . . of Section 411(a)." *Specific Software Solutions, LLC, v. Institute of Workcomp Advisors, LLC*, 615 F.Supp.2d 708, 715-16 (M.D. Tenn. 2009). *See also Lezica v. Cumulus Media, Inc.*, 2010 WL 711792 at *2-3 (M.D. Tenn. Feb. 23, 2010) (following *Specific Software Solutions, LLC*); *JB Oxford & Co. v. First Tennessee Bank Nat. Ass'n*, 427 F.Supp.2d 784, 788 n.3 (M.D. Tenn. 2006). Although in *Specific Software Solutions, LLC* and *Lezica* the courts viewed the defect as jurisdictional, a conclusion now abrogated by *Reed Elsevier*, the statute is no less clear that copyright registration is necessary before remedies for copyright infringement can be sought by filing a lawsuit in federal court. *See Brooks-Ngwenya v. Indianapolis Public Schs.*, 564 F.3d 804, 806. (7th Cir. 2009) (holding before *Reed Elsevier, Inc.* that "[c]ompliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection but is a prerequisite to suing for infringement.") Therefore, the Court concludes that Plaintiffs' copyright infringement claims for the six songs listed in Note 1 must be dismissed for failure to state a claim.

## III. CONCLUSION

For the abovementioned reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint, *Instanter*, and to Join Additional Defendant (Doc. No. 31) is hereby **GRANTED**.

The Motion to Dismiss (Doc. No. 27) filed by Defendants JS Karaoke, LLC, BottomLineSources.com, Inc., Jean Strauser, and John Strauser is hereby **GRANTED in part** and **DENIED in part**. Plaintiffs' claims for copyright infringement on the music compositions "S.O.S.," "Goodnight and Goodbye," "Hello Beautiful," "Just Friends," "Still In Love With You," and "When You Look Me in the Eyes" are hereby **DISMISSED** for failure to state a claim under Rule 12(b)(6) because copyright registrations for these music compositions were not obtained before filing suit. In all other respects, the Motion is **DENIED**, although the JSK Defendants may renew in a proper summary judgment motion any claim that a valid and enforceable settlement agreement existed between Plaintiffs and the JSK Defendants.

Plaintiffs' Motion for Two-Week Stay of Decision to JS Karaoke, LLC, BottomLineSources.com, Inc., Jean Strauser, and John Strauser's Motion to Dismiss (Doc. No. 40) is hereby **DENIED as moot.**

This case is hereby returned to the Magistrate Judge for further case management proceedings.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT