IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SONY/ATV MUSIC PUBLISHING LLC et al.,   )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )    3:09-cv-01098
                                         )    Judge Nixon
                                         )    Magistrate Judge Griffin
D.J. MILLER MUSIC DISTRIBUTORS,          )
INC., et al.,                            )    JURY DEMAND
                                         )
                                         )
        Defendants.                      )

## ORDER

Pending before the Court is Defendants JS Karaoke, LLC, BottomLineSources.com, Inc., Jean Strauser, and John Strauser's ("the JSK Defendants") Motion to Dismiss Claims of Infringement of Certain Works[1] on Exhibit M to Third Amended Complaint (Doc. No. 85) ("Motion"), filed along with a supporting Memorandum (Doc. No. 86). Plaintiffs filed a Response in Opposition (Doc. No. 97), and the JFK Defendants filed a Reply (Doc. No. 103). Also pending is the JSK Defendants' Request for a Hearing on the Motion. (Doc. No. 195.) For the reasons discussed below, the JSK Defendants' Motion is **DENIED**, and the Request for a Hearing is **DENIED as moot**.

### I. BACKGROUND[2]

Plaintiffs allege that they are the owners/administrators of music copyrights in numerous original music compositions, which are identified on schedules attached to the Third Amended

---

[1] The works at issue are entitled "S.O.S.," "Goodnight and Goodbye," "Hello Beautiful," "Just Friends," "Still in Love With You," and "When You Look at Me in the Eyes."
[2] The facts in this section are drawn from Plaintiffs' Third Amended Complaint (Doc. No. 77), unless otherwise noted.

1

Complaint as Exhibits A-M. Plaintiffs further allege that at least since early 2006, all of the Defendants had been participating in the manufacture, reproduction, distribution, advertising, promotion and offering for sale of illegal and unauthorized copies of Plaintiffs' music compositions in the form of karaoke recordings in various formats for discs and Internet downloads. Plaintiffs allege that Defendants' conduct constituted direct, contributory and vicarious infringement of Plaintiffs' music copyrights, depriving Plaintiffs of goodwill and usual and customary royalties to which they would be entitled if the music compositions at issue were properly licensed with synchronization licenses, karaoke licenses or advertising/promotional licenses. Plaintiffs asserted ten claims for relief for various forms of copyright infringement and unfair competition against the JSK Defendants and certain other Defendants who are not at issue in this Motion to Dismiss.

The JSK Defendants previously filed a Motion to Dismiss with the Court, asking that the Court dismiss certain claims in Plaintiffs' Second Amended Complaint because Plaintiffs had not obtained registrations from the United States Copyright Office for the same six works prior to filing this lawsuit. (Doc. No. 27.) In addition, Plaintiffs previously filed a Motion for Leave to File a Third Amended Complaint. (Doc. No. 31.) On September 28, 2010, the Court granted Defendants' previous Motion to Dismiss with respect to claims for the six works and granted Plaintiffs' Motion for Leave to File a Third Amended Complaint. (Doc. No. 76.) Plaintiffs filed the Third Amended Complaint the following day. (Doc. No. 77.) The new Complaint once again included claims for the six works, since in the intervening period, Plaintiffs had obtained the copyright registrations (*see* Doc. No. 42), the absence of which had served as the basis for the Court's Order. The JSK Defendants now move, once again, to dismiss the claims in the Third Amended Complaint regarding these six works. (Doc. No. 85.)

## II. PARTIES' ARGUMENTS

The JSK Defendants argue in their Motion to Dismiss, simply, that the Court's previous decision to dismiss claims relating to the six works at issue precludes Plaintiffs from raising those same claims in a subsequent pleading under the "law of the case" doctrine. (Doc. No. 86 at 2-3.) Because the Court ordered those previous claims dismissed, the JSK Defendants assert that the Court should also grant the instant Motion to Dismiss. (*Id.* at 3.)

Plaintiffs' Response characterizes the issue before the Court as jurisdictional and disputes the JSK Defendants' contention that the "law of the case" doctrine is even applicable to the case at bar. (Doc. No. 97.) With respect to the first issue, Plaintiffs cite to *MGB Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486 (11th Cir. 1990), a case where the Eleventh Circuit upheld the district court's decision to dismiss a copyright claim and also allow the plaintiffs to amend a complaint after registering certain copyrights that were at issue. (Doc. No. 97 at 3-4.) Plaintiffs note that of particular importance to the Eleventh Circuit in that case was Federal Rule of Civil Procedure 61, which demands that a court "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." 903 F.3d at 1489. With this in mind, the Eleventh Circuit allowed the plaintiffs to amend their complaint, even though the lack of copyright registrations should have provided a jurisdictional bar to their claims. *Id.*

Moreover, because the United States Supreme Court has since ruled that failure to obtain a copyright registration prior to instituting a lawsuit does not pose a jurisdictional bar to hearing a case, *see Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), Plaintiffs assert that the Court clearly has jurisdiction over this case and should therefore deny the Motion to Dismiss. (Doc. No. 97 at 4-5.) Plaintiffs also note that the opposite result would merely drive Plaintiffs to file another lawsuit which would only later be consolidated with this case, a situation that would

waste judicial resources and the parties' time and something that would be contrary to the spirit of the Federal Rules. (*Id.* at 5.) Consequently, Plaintiffs argue that the Defendants would not be prejudiced by a ruling in favor of Plaintiffs on the Motion to Dismiss, and thus the Court should deny the Motion.

Plaintiffs then argue that the "law of the case" doctrine is inapplicable to the Court's previous Order because the doctrine only applies when a court has decided a rule of law, and not an issue relating to a factual predicate that can easily be cured by a party. (*Id.* at 6-7.) Plaintiffs argue that, unlike this case—where Plaintiffs have cured the factual predicate of having copyright registrations since initiation of the suit—all of the case law cited by the JSK Defendants pertains to instances of immutable facts that could not be so cured or pure questions of law. (*Id.* at 7.) Plaintiffs, again, remind the Court that an order here granting the JSK Defendants' Motion to Dismiss the claims would only result in Plaintiffs filing a new lawsuit, a situation that the Court should seek to avoid. (*Id.* at 7-8.)

In their Reply, the JSK Defendants assert that the Court's ruling on the previous motion was, indeed, a rule of law—that "registration is a necessary precondition to maintaining an infringement claim"—and as such, the "law of the case" doctrine bars re-pleading of the same claims. (Doc. No. 103 at 3-4.) In their view, the defect has not been cured, since the relevant inquiry is whether the works were filed *at the time the lawsuit was initiated*; because those facts have not and cannot be changed, Plaintiffs' claims for the six songs must be dismissed. (*Id.*)

Second, the JSK Defendants argue that both the Supreme Court in *Reed Elsevier* and this Court, including in the previous Order, have stated that registration of copyrights is a clear prerequisite to filing a lawsuit relating to those copyrights. (*Id.* at 4.) In addition, the JSK Defendants assert that the Sixth Circuit has held that plaintiffs who have failed to satisfy a

4

prerequisite cannot cure this deficiency by taking corrective action while the lawsuit is pending. (*Id.* at 5 (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).) Because Plaintiffs failed to satisfy the registration prerequisite before the instant suit was filed, the JSK Defendants argue that Plaintiffs "lack standing with respect to the six works at issue," since the question of a party's standing is determined "at the time a plaintiff first files suit, not after repeated attempts to correct the deficiencies in their pleadings." (Doc. No. 103 at 5-6 (citing *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524-25 (6th Cir. 2001).)

Finally, the JSK Defendants note that all of the cases cited by Plaintiffs for the proposition that they can cure the registration defect have not been relied on in the Sixth Circuit for the issue at hand, and that all of the cases predate *Reed Elsevier* and are therefore inapplicable. (Doc. No. 103 at 6.) The JSK Defendants did not comment upon Plaintiffs' explicit intention to file a new lawsuit should the Motion to Dismiss be granted, nor on the resulting argument for why the Court should deny the Motion.

### III. ANALYSIS

The parties' central dispute appears to be whether the Court's previous ruling, dismissing Plaintiffs' claims related to the six songs at issue here, was a rule of law that now binds the Court on the instant Motion. It is clear that the Court previously dismissed the claims because Plaintiffs lacked the necessary copyright registrations at the time of filing the suit; however, Plaintiffs have since obtained those registrations, and therefore a fundamentally related issue to the "law of the case" dispute is what effect Plaintiffs' acquisition of the registration has on the parties' dispute. Plaintiffs believe it is a curable issue of fact, while the JSK Defendants argue that Plaintiffs are unable to cure the defect at all, and consequently lack standing to bring these claims before the Court.

The JSK Defendants, in arguing that Plaintiffs cannot cure the factual defect that led to the previous dismissal, posit that the Sixth Circuit bars plaintiffs from curing "the deficiency of failure to satisfy a precondition by taking action during the pendency of the action." (*Id.* at 5.) In doing so, the JSK Defendants cite to *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). The Court does not find that *Freeman* supports the JSK Defendants' proposition. In *Freeman*, the Sixth Circuit discussed the Prison Litigation Reform Act's statutory requirement that a plaintiff exhaust all internal grievance procedures before instigating a federal lawsuit. *Id.* at 645. The Sixth Circuit did not broadly state that *all* statutory preconditions, from any statutory source whatsoever, must be satisfied before a plaintiff files claim pursuant to that particular statute's cause of action. Instead, the Sixth Circuit only explicitly discussed the Prison Litigation Reform Act, citing exclusively to other cases that discuss the Act. *See id.* (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 533 (7th Cir. 1999); *Larkins v. Wilkinson*, No. 97-4183, 1998 U.S. App. LEXIS 31838, at *2 (6th Cir. Dec. 17, 1998); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), cert. denied, 525 U.S. 833. Consequently, the Court disagrees with the JSK Defendants that the Sixth Circuit has adopted such a rule.

The JSK Defendants also argue that, because Plaintiffs did not have copyright registrations at the time the suit was filed, Plaintiffs lack standing to bring those claims. While it is true that the Sixth Circuit uses the time the complaint is filed to determine if a party has standing, *see Cleveland Branch*, 263 F.3d at 524-25, the Court does not find the JSK Defendants' argument to be persuasive. To start, in *Cleveland Branch*, which the JSK Defendants cite to make their standing argument, the Sixth Circuit reviewed a situation where a party was alleged to have *lost* standing over the course of litigation, not *gained* standing, which is what the JSK Defendants imply Plaintiffs are attempting to do here. *Id.* at 523 (describing the

district court's erroneous determination that "standing must exist not only at the start of a case but also throughout its course," such that the lower court would have required a plaintiff "to maintain his membership [in the NAACP] until the completion of litigation").

Regardless, Plaintiffs do have standing to bring these claims. Pursuant to 17 U.S.C. § 501(b), a legal owner of an exclusive right under a copyright is entitled "to institute an action for any infringement of that particular right committed while he or she is the owner of it." An individual or entity, therefore, does not need to have a copyright *registration* to have standing to pursue an infringement claim related to their copyright. *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-cv-03181, 2010 U.S. Dist. LEXIS 114306 at *67-68 (S.D. Tex. Oct. 8, 2010) (finding that the plaintiff, who created the works at issue, had standing to sue—and that the court had jurisdiction to hear the case—despite the fact that his employer, whose name was on the copyright registrations, was not a party to the action). Moreover, it is noteworthy than in its previous Order dismissing the claims, the Court did not state that Plaintiffs lacked standing to bring the claims regarding the six works, only that they failed to state a claim regarding the six works due to their lack of copyright registrations. (Doc. No. 76 at 7.)

Of greater concern to the Court is Plaintiffs' explicit intention, should the Court grant the JSK Defendants' Motion, to file a new lawsuit regarding the six works at issue. As Plaintiffs have noted, pursuant to Federal Rule of Civil Procedure 61, the Court is to "disregard all errors and defects that do not affect any party's substantial rights." Here, the only "error" is that Plaintiffs failed to satisfy a procedural requirement—registering certain copyrights—prior to filing suit, an error they corrected only three months later (*see* Doc. Nos. 42-1 at 1 (indicating filing date of February 17, 2010), 42-2 at 1 (same), 42-3 (same)). The Court does not find that this error affects any party's substantial rights in this case because, in the event that the Court

7

were to grant the JSK Defendants' Motion and Plaintiffs were to file a new lawsuit regarding the six works, such a lawsuit would easily be consolidated into this case due to the nature of the claims involved. *See* Fed. R. Civ. P. 42(a)(2) (providing for consolidation of actions when multiple actions "involve a common question of law or fact"). Therefore, in either circumstance, the JSK Defendants would be subject to claims regarding the six songs. Granting the JSK Defendants' Motion would prolong the inevitable and burden the parties, their attorneys, and the court system with extra work. The Court declines to bring about such a result.

### IV. CONCLUSION

For the abovementioned reasons, the JSK Defendants' Motion is **DENIED**, and the Request for a Hearing is **DENIED as moot**.

It is so ORDERED.

Entered this \_\_\_26th\_\_\_ day of September, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT