# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 3:09-cv-01098 |
| ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| D.J. MILLER MUSIC DISTRIBUTORS, ) | |
| INC., et al., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants JS Karaoke, LLC, BottomLineSources.com, Inc., Jean Strauser, and John Strauser's ("the JSK Defendants") Motion for Judgment on the Pleadings (Doc. No. 179) ("Motion"), filed along with a supporting Memorandum (Doc. No. 180). Plaintiffs filed a Response in Opposition (Doc. No. 181), and the JSK Defendants filed a Reply (Doc. No. 190). For the reasons discussed below, the JSK Defendants' Motion is **GRANTED**.

## I. BACKGROUND[1]

Plaintiffs allege that they are the owners/administrators of music copyrights in numerous original music compositions, which are identified in lists attached to the Third Amended Complaint ("Complaint") as Exhibits A-M. Plaintiffs further allege that since at least early 2006, all of the named defendants had been participating in the manufacture, reproduction, distribution, advertising, promotion and offering for sale of illegal and unauthorized copies of Plaintiffs' music compositions in the form of karaoke recordings in various formats for discs and Internet downloads. Plaintiffs allege that the defendants' conduct constituted direct, contributory and

---
[1] The facts in this section are drawn from Plaintiffs' Third Amended Complaint (Doc. No. 77).

vicarious infringement of Plaintiffs' music copyrights, depriving Plaintiffs of goodwill and usual and customary royalties to which they would be entitled if the music compositions at issue were properly licensed with synchronization licenses, karaoke licenses or advertising/promotional licenses. Plaintiffs asserted ten claims for relief for various forms of copyright infringement and unfair competition against the defendants, including the JSK Defendants. In doing so, Plaintiffs relied on the lists of songs in Exhibits A-M. Each Exhibit contains a list of songs that were allegedly infringed by a particular "brand" controlled by one or more of the defendants.

## II. LEGAL STANDARD

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio,* 193 F.3d 389, 399-400 (6th Cir. 1999)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citations and quotations omitted).

The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *see also Delay v. Rosenthal Collins Grp., LLC.,* 585 F.3d 1003, 1005-06 (6th Cir. 2009).

### III. PARTIES' ARGUMENTS

The JSK Defendants argue that Plaintiffs seek damages beyond what is permitted under the Copyright Act because they seek damages on a per *infringement* basis and not a per *work* basis. (Doc. No. 180 at 1-2.) The relevant provision of the Act permits a copyright owner to elect to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1). The JSK Defendants cite to legislative history and extensive case law, including two cases decided recently in this District, to support their interpretation that such statutory language clearly limits copyright plaintiffs to a single statutory award per work that has been infringed, i.e. a single song, rather than per act of infringement, i.e. each different recording of a single song. (Doc. No. 180 at 5-8.)

The JSK Defendants argue that Plaintiffs are trying to do exactly what the cited courts, as well as other courts, have found to be impermissible and contrary to the language of the Copyright Act. The JSK Defendants allege that Plaintiffs are improperly seeking 1,406 statutory awards because the lists comprising Exhibits A-M contain many duplicate listings of songs. (*Id.* at 2.) The JSK Defendants argue that, once these duplicate listings are removed, there are only 448 "works" for which Plaintiffs could be able to recover statutory awards. (*Id.* at 2-3.) Consequently, they "request an order for judgment on the pleadings that Plaintiffs may recover no more than a maximum of one award of statutory damages per work – for the 448 works at issue – against Defendants acting jointly or severally or each individually liable defendant." (*Id.* at 8.)

3

Plaintiffs make several arguments in response. First, Plaintiffs assert that the claims for damages in the Complaint are consistent with the damages provision of the Copyright Act. (Doc. No. 181 at 2.) Plaintiffs argue that the Complaint names each JSK Defendant as an individual infringer and deny that they seek statutory damages based on the individual registration numbers, asserting that the JSK Defendants do not cite to any place in the record in support of this proposition. (*Id.* at 6-9.) Plaintiffs also argue that each individual recording of a single composition by a different manufacturer and for a different brand distributed by the JSK Defendants constitutes a discrete "work" under the Copyright Act. (*Id.* at 10.) Plaintiffs' main argument on this point is policy-based: they argue that limiting the statutory awards to the number of songs Plaintiffs control will undermine copyright policy by encouraging distributors to expand their catalogues of unlicensed brands, since their liability would not likewise expand. (*Id.* at 11.) Plaintiffs cite to the legislative history and argue that the Court should grant separate statutory awards for separate infringements of the same work because they in effect *could* have decided to litigate the copyright infringements in such a way that would have placed them within the literal wording of the exception recognized in the House Report. (*Id.* at 11-14.)

Plaintiffs' second argument is that the Court should deny a judgment on the pleadings because granting the Motion would entail resolution of factual issues, namely, whether the JSK Defendants are liable individually or jointly and severally. (*Id.* at 14-15.) Plaintiffs assert, however, that they have alleged each JSK Defendant to be individually liable in the Complaint, and the Court must accept this fact as true for the purposes of the instant Motion. (*Id.*)

The JSK Defendants reply that Plaintiffs' Response makes it clear that Plaintiffs are improperly "seek[ing] statutory damages on a *per brand* basis," rather than on a *per work* basis. (Doc. No. 190 at 1.) The JSK Defendants reassert that substantial case law supports their

position and argue that Plaintiffs' Response misrepresents the allegations in the Complaint, noting that Plaintiffs' Complaint repeatedly refers to "acts of infringement" and requests statutory damages on a "per copyright" basis. (*Id.* at 3-5.) Moreover, the JSK Defendants argue that multiple federal courts have rejected Plaintiffs' assertion that they are able to recover on a per brand basis, even when there is not complete joint and several liability among co-defendants, and that the plain language of 17 U.S.C. § 504(c)(1) is in accord with this view. (*Id.* at 5-7.)

The JSK Defendants also contest Plaintiffs' assertion that granting this Motion would necessitate a premature resolution of material facts. (*Id.* at 7.) The JSK Defendants assert that the issues raised by the Motion are purely legal and "do not require resolution of any material factual disputes," noting that their Motion did not include any requests for decisions about joint and several liability. (*Id.* at 7-8.) Finally, the JSK Defendants take issue with Plaintiffs' assertion that the Complaint treats each JSK Defendant as individually liable, citing to the language of the Complaint, and arguing that Plaintiffs "unequivocally alleged that each defendant in this case is jointly and severally liable to each other." (*Id.* at 8-9.)

**IV. ANALYSIS**

Having considered the matter, the Court finds the Motion to be appropriate and legally supported, and therefore **GRANTS** the Motion. The plain language of the Copyright Act indicates that a single statutory award is appropriate for all infringements related to a single copyrighted work. The legislative history supports the JSK Defendants' interpretation as well:

> Although . . . an award of minimum statutory damages may be multiplied if separate works and separately liable infringers are involved in the suit, a single award . . . is to be made 'for all infringements involved in the action.' A single infringer of a single work is liable for a single amount . . . no matter how many acts of infringement are involved in the action and regardless of

5

> whether the acts were separate, isolated, or occurred in a related series.

H.R. Rep. No. 94-1476, at 162 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778.

Furthermore, federal courts across the Circuits have agreed with the per-work interpretation. As the JSK Defendants noted, two recent decisions in this District support the JSK Defendants' view as to the number of statutory awards that should be available to Plaintiffs. In *MCS Music America, Inc. v. Yahoo! Inc.*, the plaintiffs sought 308 statutory awards, alleging that the defendants infringed 215 copyrights of musical compositions they owned by digitally transmitting 308 separate sound recordings covering those copyrights. No. 3:09-cv-00597, 2010 U.S. Dist. LEXIS 10312, at *5 (M.D. Tenn. Feb. 5, 2010). The court found that the plaintiffs were limited to 215 awards because, "even though each musical composition is a distinct, viable work with separate economic value and copyright lives of their own, any variation of that 'work' is still simply one 'work' for the purposes of statutory damages." *Id.* at *9. The JSK Defendants also cite to *Hamlin v. Trans-Dapt of California, Inc.*, where the court found the defendant liable for only one statutory award, rather than for "'each separate act of infringement,'" because "only one copyrighted work was infringed." 584 F. Supp. 2d 1050, 1053 (M.D. Tenn. 2008).

Moreover, the First, Second, Fifth, Ninth, and D.C. Circuits are all in line with this interpretation. *See WB Music Corp. v. RTV Comm'n Group, Inc.*, 445 F.3d 538, 540 (2d Cir. 2006) ("§ 504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that 'an award' (singular tense) of statutory damages is available for 'all infringements involved in the action' regarding any one work"); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191 (1st Cir. 2004) (agreeing with the lower court's interpretation of "works" as "meaning 'that an infringer's statutory damages liability is based on the number of infringed works' rather than on the number of infringing works"); *Columbia Pictures Tel. v.*

*Krypton Broad.*, 106 F.3d 284, 294 (9th Cir. 1997) ("when statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work"); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) (noting that "the total number of 'awards' of statutory damages . . . that a plaintiff may recover in any given action depends on the number of *works* that are infringed and the number of individually liable *infringers*, regardless of the number of *infringements* of those works"); *Walt Disney Co. v. Powell*, 897 F.2d 565, 569-70 (D.C. Cir. 1990) (reversing a district court's grant of six statutory awards for the plaintiff based on six "violations" of copyrights that had been entered into the record, determining instead that the plaintiff could only recover two statutory awards because only two *works* had been infringed—the images of Mickey and Minnie Mouse—even if there had been multiple infringements of each image).

Plaintiffs, by contrast, present no case law in support of their statutory argument.[2] While they attempt to distinguish *MCC Music America*, their argument is unconvincing because the case quite clearly is in accord with the JSK Defendants' view that a single statutory award is appropriate per work that is infringed, not per infringing act of a particular work.[3] Instead, Plaintiffs only argue that the Court should deny the Motion on policy grounds. The Court is not persuaded by these policy arguments. The House Report cited by Plaintiffs provides, "where separate infringements for which two or more defendants are not jointly liable are jointed [sic] in

---

[2] While it is true that Plaintiffs cite to cases in the portion of their brief arguing that each infringement should be treated as a different "work" by the Court, none of the cases are cited for the purpose of directly contradicting the JSK Defendants' statutory interpretation argument. Rather, Plaintiffs only cite to cases for their policy arguments (*see* Doc. No. 181 at 10-13), discussed by the Court below.

[3] The JSK Defendants note that Plaintiffs' counsel represented the defendants in *MCS Music America*, and, in doing so, took exactly the opposite position on the statutory award damage issue as he takes in the instant case. (Doc. No. 180 at 8 n.5.) The Court finds this fact to be irrelevant. Plaintiffs' counsel's previous position on this issue has no bearing on the Court's interpretation of the parties' arguments and its finding that Plaintiffs' interpretation of *MCS Music America* is unpersuasive.

7

the same action, separate awards of statutory damages would be appropriate." H.R. Rep. No. 94-1476, at 162. This situation is inapplicable to the instant case, a fact that even Plaintiffs acknowledge (Doc. No. 181 at 12), because, as is evident from the Complaint, Plaintiffs are not bringing claims against the named defendants on an individual basis for separate infringements. The Court declines to depart from such established case law to fit Plaintiffs into a potential exception to the statutory language into which they do not plainly fit.

Similarly, the Court disagrees with Plaintiffs that its Order today will necessarily involve decisions regarding material facts. The JSK Defendants do not seek determinations as to joint and several liability of parties. Instead, they have requested "an order for judgment on the pleadings that Plaintiffs may recover no more than a maximum of one award of statutory damages per work – for the 448 works at issue – against Defendants *acting jointly or severally or each individually liable defendant*, regardless of the number of copyrights, owners, exclusive rights or registrations alleged to be infringed." (Doc. No. 180 at 8 (emphasis added).)

In granting the JSK Defendants' Motion, the Court is not determining the joint and several liability of the JSK Defendants with respect to the various works that Plaintiffs allege they have infringed. Instead, the Court only limits any potential statutory damage awards to *one award per infringed work*, whether the factfinder determines there to be joint and several or individual liability with respect to a given work. In other words, if the factfinder determines that the JSK Defendants acted jointly and severally when infringing a particular work, Plaintiffs are only limited to one award for that work. However, if the factfinder determines that multiple JSK Defendants were acting in their individual capacities, and not jointly and severally, when infringing a work, then Plaintiffs can recover one award from each individual Defendant for that

work. Finally, if the factfinder determines that only one JSK Defendant infringed a work, then the Plaintiffs would of course be limited to one sole award for that infringed work.

Accordingly, the Court finds that Plaintiffs may not recover for the duplicated songs in the Exhibits, and the lists must be reduced to remove the duplicated songs. However, the Court notes that Plaintiffs have not proffered the specific number of infringed works that would be at issue if the Court were to grant the Motion. Thus, while the JSK Defendants allege that there are only 448 separate works at issue, the Court believes that if Plaintiffs disagree with the JSK Defendants' number, they should have the opportunity to provide briefing as to the number of *infringed works*, i.e. songs, that the JSK Defendants are alleged to have infringed. Plaintiffs should provide this briefing to the Court within 14 days of the entry of this Order, otherwise the Court will accept the JSK Defendants' proffered number.

Finally, the Court recognizes that the JSK Defendants requested a hearing on this Motion. (Doc. No. 194.) Because the Court was able to resolve the Motion without the need for a hearing, this Request is now denied as moot.

V. **CONCLUSION**

For the abovementioned reasons, the JSK Defendants' Motion is **GRANTED**.

It is so ORDERED.

Entered this ___29th_____ day of September, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

9