# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **SONY/ATV MUSIC PUBLISHING LLC et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | 3:09-cv-01098 |
| ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| **D.J. MILLER MUSIC DISTRIBUTORS,** ) | |
| **INC., et al.,** ) | JURY DEMAND |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Strike Affirmative Defenses of Emerson Radio Corp. (Doc. No. 127) ("Motion to Strike Affirmative Defenses"), filed along with a supporting Memorandum (Doc. No. 128). Defendant Emerson Radio Corp. ("Defendant") filed a Response in Opposition. (Doc. No. 141.) Also pending before the Court is Plaintiffs' Motion to Dismiss Counterclaims of Emerson Radio Corp. (Doc. No. 129) ("Motion to Dismiss Counterclaims"), filed along with a supporting Memorandum (Doc. No. 130). Defendant has filed a Response in Opposition. (Doc. No. 140.)

For the reasons stated below, the Motion to Strike Affirmative Defenses is **DENIED** and the Motion to Dismiss Counterclaims is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND[1]

Plaintiffs allege that they are the owners/administrators of music copyrights in numerous original music compositions, which are identified on schedules attached to the Third Amended

---

[1] The facts in this section are drawn from Plaintiffs' Third Amended Complaint (Doc. No. 77), unless otherwise noted.

1

Complaint ("Complaint") as Exhibits A-M. Plaintiffs further allege that since at least early 2006, all of the named defendants had been participating in the manufacture, reproduction, distribution, advertising, promotion and offering for sale of illegal and unauthorized copies of Plaintiffs' music compositions in the form of karaoke recordings in various formats for discs and Internet downloads. Plaintiffs allege that the defendants' conduct constituted direct, contributory and vicarious infringement of Plaintiffs' music copyrights, depriving Plaintiffs of goodwill and usual and customary royalties to which they would be entitled if the music compositions at issue were properly licensed with synchronization licenses, karaoke licenses or advertising/promotional licenses. Among other claims, Plaintiffs assert claims for vicarious copyright infringement and willful copyright infringement against Defendant. Defendant filed an Answer (Doc. No. 125), wherein it provides twenty affirmative defenses to Plaintiffs' claims. The defenses read as follows:

> 76. Plaintiffs' claims are barred by the applicable statute of limitations.
> 77. Plaintiffs' claims are barred by the doctrines of latches, estoppel, and/or waiver.
> 78. Plaintiffs' claims are barred by their license with other Defendants.
> 79. Plaintiffs' claims are barred by accord and satisfaction with other Defendants.
> 80. Plaintiffs' claims are barred by the settlement agreement referenced in the Motion to Dismiss filed by other Defendants.
> 81. Plaintiffs' claims are barred by payment from other Defendants.
> 82. Plaintiffs' claims are barred because [Defendant] has not engaged in any type of infringement.
> 83. Plaintiffs' claims are barred, in part, because Plaintiffs' [*sic*] have not met the necessary preconditions under 17 U.S.C. § 411.
> 84. Plaintiffs' claims are barred by the doctrine of unclean hands.
> 85. Plaintiffs' claims are barred in whole or in part by lack of standing and/or a failure to meet necessary preconditions prior to filing.
> 86. Plaintiffs' claims are barred in whole or in part by lack of ownership interests and/or exclusive license.

> 87. Plaintiffs' claims are barred in whole or in part by lack of indispensible and/or necessary parties.
> 88. Plaintiffs' claims for statutory damages are barred, in part, by 17 U.S.C. § 412.
> 89. To the extent that [Defendant] is found to have infringed any work (which [Defendant] denies), Plaintiffs' claims for statutory damages are limited by 17 U.S.C. § 504(c)(2) because [Defendant] was not aware and had no reason to believe the acts alleged constituted infringement.
> 90. [Defendant] had no control over, right to control, or obligation to control, whether contractually or otherwise, any copyrighted content included in the karaoke products at issue in this case.
> 91. [Defendant] is not liable for any infringement that may have been committed by any of the co-defendants in this case.
> 92. Plaintiffs have failed to state claims upon which relief may be granted.
> 93. Plaintiffs' claims are barred in whole or in part because one or more of the works at issue do not meet the requirements for protection under the Copyright Act, including but not limited to, originality and authorship.
> 94. Plaintiffs' claims for monetary damages are offset in whole or in part by [Defendant's] counterclaims below.
> 95. [Defendant] reserves the right to assert additional defenses at the conclusion of discovery.

(*Id.* ¶¶ 76-95). Defendant also pleaded three counterclaims against Plaintiffs: an award of attorneys' fees under 17 U.S.C. § 505, unjust enrichment, and enforcement and/or breach of contract. (*Id.* ¶¶ 98-111). At issue in the pending Motions are nineteen of Defendant's affirmative defenses, all but defense 88, and all three of Defendant's counterclaims.

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Sixth Circuit has recognized that "the action of striking a pleading should be sparingly used by the courts," calling it "a drastic remedy to be resorted to only when required for the purposes of

3

justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Courts generally "disfavor" motions to strike. *Bell v. Providence Cmty. Corr., Inc.*, No. 3:11-00203, 2011 U.S. Dist. LEXIS 61583, at *21 (M.D. Tenn. June 7, 2011) (citing *Lopez v. Metro. Gov't of Nashville*, No. 3:07-0799, 2008 U.S. Dist. LEXIS 26783, at *7 (M.D. Tenn. Apr. 1, 2008); *Baker v. Shelby County Gov't*, No. 05-2798 B/P, 2008 U.S. Dist. LEXIS 6010, at *10 (W.D. Tenn. Jan. 28, 2008)).

### B. Parties' Arguments

Plaintiffs argue that nineteen of Defendant's affirmative defenses should be stricken because they are "insufficient and/or improperly pleaded and do not provide Plaintiffs with the 'fair notice' required under the Federal Rules and applicable decisional authorities." (Doc. No. 128 at 2.) As an initial matter, Plaintiffs argue that the pleading standard that the Supreme Court articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), applies to the pleading of affirmative defenses. (Doc. No. 128 at 3.) Consequently, Plaintiffs argue that affirmative defenses 76, 77, 78, 79, 81, 84, and 94 are "wholly conclusory," fail to notify Plaintiffs, and are insufficient as a matter of law, rendering them improperly pleaded. (*Id.* at 4.)

Plaintiffs then argue that affirmative defenses 80, 82, 83, 85, 86, 87, 89, 90, 91, and 93 are improperly raised as affirmative defenses because they are "negative" rather than "affirmative," such that they "do no more than attack the merits of [Plaintiffs'] case." (*Id.* at 6.) Plaintiffs argue that "the proper venue for such" claims would be in denials in the Answer or motions to dismiss under Rule 12(b)(6). (*Id.*)

4

Plaintiffs also assert that affirmative defense 92, which states that Plaintiffs have failed to state claims upon which relief may be granted, is not a true affirmative defense because it does not set forth a reason why Defendant should prevail even if the allegations of the Complaint are true. (*Id.* at 6-7.) Additionally, Plaintiffs argue that this defense does not provide fair notice as it is a "bare bones, conclusory allegation." (*Id.* at 7.)

Finally, Plaintiffs argue that affirmative defense 95 is not an affirmative defense because it is merely a reservation to raise new and additional affirmative defenses, and an affirmative defense is not itself an appropriate legal mechanism for reserving the right to add additional defenses. (*Id.*)

Defendant, which first notes that all of its defenses are titled "Defenses" and not "Affirmative Defenses" (Doc. No. 141 at 2 n.1), responds first by contesting Plaintiffs' arguments that affirmative defenses are subject to the higher pleading standard of *Twombly* and *Iqbal* (*id.* at 4). Defendant notes that the Sixth Circuit has not applied a heightened pleading standard for defenses since *Twombly* and *Iqbal*, using only a "fair notice" standard instead, and that a court in this District "recently declined to extend *Twombly* and *Iqbal* to affirmative defenses." (*Id.* at 4-5.) Moreover, Defendant asserts that "the remedy of striking defenses should be used sparingly." (*Id.* at 3.) Consequently, Defendant argues that Plaintiffs have failed to meet their burden with respect to defenses 76, 77, 78, 79, 81, 84, and 94 because Plaintiffs have not shown that the defenses "cannot succeed under any set of facts which *could be* proven," bear no relationship to the case, or are unduly burdensome to Plaintiff. (*Id.* at 6.)

With respect to defenses 80, 82, 83, 85, 86, 87, 89, 90, 91, and 93, Defendant similarly argues that they are not subject to the *Twombley/Iqbal* standard and asserts that the label of "affirmative" as opposed to "negative" defenses is a red herring because the entire purpose of

5

providing defenses in an Answer is to provide notice to Plaintiffs, and these defenses do not in any way shift the burden away from Defendant to Plaintiffs. (*Id.* at 6-8.)

Third, Defendant argues that defense 92, that Plaintiffs have failed to state a claim, is "typically asserted as a motion to dismiss" but has been recognized as an affirmative defense. (*Id.* at 8.) Defendant also points to Rule 12(h), which states that the defense of "failure to state a claim" may be raised "in any pleading under Rule 7(a)," which expressly includes the Answer. (*Id.* at 9.)

Finally, Defendant cites several cases from other Circuits in which courts denied motions to strike affirmative defenses that reserved the right to assert additional defenses. (*Id.* at 9-10.) Defendant argues that the purpose of such a reservation in defense 95 is to provide notice of Defendant's reservation of rights under Rule 15, which governs the amending of the pleadings. (*Id.* at 10.)

*C. Analysis*

Plaintiffs have failed to persuade the Court that Defendant's nineteen defenses must be stricken. The Court therefore **DENIES** Plaintiffs' Motion to Strike Affirmative Defenses.

First, the Court agrees with Defendant that the *Twombly/Iqbal* standard is inapplicable to affirmative defenses. While Plaintiffs have cited to a district court's decision in this Circuit to support their proposition to the contrary, (*see* Doc. No. 128 at 3 (citing *United States v. Quadrini*, No. 2:07-cv-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007)), Judge Trauger in this District recently found that *Twombly* and *Iqbal* do not apply to the pleading of affirmative defenses. In *McLemore v. Regions Bank*, Judge Trauger found:

> *Twombly* and *Iqbal* did not change the pleading standard for affirmative defenses. On its face, *Twombly* applies only to complaints and to Rule 8(a)(2), because the [Supreme] Court was interpreting that subsection's requirement of "'a short and plain

6

> statement of the claim showing that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). The opinion does not mention affirmative defenses or any other subsection of Rule 8. *Iqbal* also focused exclusively on the pleading burden that applies to plaintiffs' complaints. *See* 129 S. Ct. at 1949-54.

No. 3:08-cv-0021, 2010 WL 1010092, at *13 (M.D. Tenn. Mar. 18, 2010). Judge Trauger found that, instead, "the Sixth Circuit has consistently used 'fair notice' as the standard for whether a defendant has sufficiently pleaded an affirmative defense." *Id.* at *14. Thus, "'[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274). Under this standard, the Sixth Circuit found that an affirmative defense that the defendants were "entitled to qualified immunity for all activities complained of in this complaint" to be sufficient. *Id.* Similarly, in a post-*Twombly* and *Iqbal* case, the Sixth Circuit upheld an affirmative defense reading, "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose." *Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009).

The Court finds that defenses 76, 77, 78, 79, 81, 84, and 94 have met this "fair notice" standard. Although Defendant's defenses are brief, they are sufficient to "'give[] [P]laintiffs fair notice of the nature of the defense[s].'" *Lawrence*, 182 F. App'x at 456 (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274). The Court, therefore, will not strike this group—or any other group—of Defendant's defenses on these grounds.

The Court also declines to strike the second group of defenses, 80, 82, 83, 85, 86, 87, 89, 90, 91, and 93. The Court disagrees with Plaintiffs that these defenses are not Rule 8(c) affirmative defenses and instead should have been raised as a denial under Rule 8(b)(2) or in a

7

Rule 12(b)(6) motion. It is true that these defenses are not explicitly provided in Rule 8(c)(1) as affirmative defenses; however, the list of affirmative defenses under that Rule is not an exclusive list. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, *including* . . ." (emphasis added)). Because the Court finds that this group of defenses meets the "fair notice" standard, and because striking defenses is disfavored, the Court will not strike defenses 80, 82, 83, 85, 86, 87, 89, 90, 91, and 93.

The Court also declines to strike defense 92. Plaintiffs argue that the "failure to state a claim" defense is not a proper affirmative defense and thus is improperly pleaded and should be stricken. In support of this argument, Plaintiffs cite to two cases from the Northern District of Illinois and one case from the Eleventh Circuit. (Doc. No. 128 at 6-7.) The Federal Rules, however, do not prohibit raising "failure to state a claim" as an affirmative defense. Rule 12(h)(2)(A) permits a party to raise "failure to state a claim" in "any pleading allowed or ordered under Rule 7(a)," which includes the Answer. Moreover, courts in this Circuit have accepted "failure to state a claim" as an affirmative defense. *See Hughes v. Lavender*, No. 2:10-cv-674, 2011 U.S. Dist. LEXIS 79710, at *11 (S.D. Ohio July 20, 2011); *United States SEC v. Thorn*, No. 2:01-cv-290, 2002 U.S. Dist. LEXIS 21510, at *12 (S.D. Ohio Sept. 30, 2002). Consequently, the Court will not strike defense 92.

Finally, the Court will not strike defense 95, which reserved Defendant's right to assert additional defenses at the conclusion of discovery. In support of their argument that this defense should be stricken, Plaintiffs cite to *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1452 (W.D. Mich. 1989). In *Kelley*, the court struck such a reservation in a pleading as "serv[ing] no function," since anything it would achieve was already covered by the Federal Rules governing amending the pleadings. *Id.* However, the court in *Kelley* noted that courts are less likely to

strike insufficient defenses in cases that do not concern very specialized claims, such as cost-recovery actions under the Comprehensive Environmental Response, Compensation and Liability Act, at issue in that case. *Id.* at 1442. Moreover, other district courts in other contexts have accepted such reservations. *See, e.g.*, *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-28-SPM/AK, 2010 WL 4736830, at *7 (N.D. Fla. Nov. 16, 2010) (denying a "motion to strike the reservation of right to add affirmative defenses because Defendant does retain the right [under Rule 15(a)] to seek leave of the Court to amend Defendant's pleading"); *Centex Homes v. Mr. Stucco, Inc.*, No. 8:07-CV-365-T-27MSS, 2008 WL 793587, at *2 (M.D. Fla. Mar. 25, 2008) (finding "Defendant's motion to strike the reservation [to be] unnecessary"); *F.T.C. v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357, at *3 (D. Conn. Jan. 25, 2006) (denying "motion to strike the reservation of right to add affirmative defenses because the defendants do retain the right [under Rule 15(a)] to seek leave of the court to amend their answer"). Because Defendant retains the right to amend its Answer under Rule 15(a), and because district courts have found that a reservation of this right via an affirmative defense is appropriate, the Court denies Plaintiffs' motion to strike with respect to defense 95.

Because the Court will not strike any of Defendant's nineteen affirmative defenses at issue here, Plaintiffs' Motion to Strike Affirmative Defenses is **DENIED**.

### III. MOTION TO DISMISS COUNTERCLAIMS

#### A. Legal Standard

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the allegations made in the complaint and construe the allegations in the plaintiff's favor. *See Morgan v. Church's Fried Chicken*, 829

F.2d 10, 11-12 (6th Cir. 1987). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain recovery under some viable legal theory. *Id.* at 944; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### B. Counterclaim for Attorneys' Fees

Plaintiffs first argue that Defendant's counterclaim for an award of attorneys' fees under 17 U.S.C. § 505 should be dismissed, arguing that it is collateral to a claim of copyright infringement and therefore it does not create a separate cause of action. (Doc. No. 130 at 2-3.) Plaintiffs also argue that dismissal of this counterclaim is appropriate because Local Rule 54.01(b) specifies that the requests of attorneys' fees must be brought pursuant to a motion within 30 days of the entry of "final judgment." (*Id.* at 3.)

In response, Defendant argues that dismissal of its counterclaim for attorneys' fees is improper. They argue that 17 U.S.C. § 505 does not prohibit a counterclaim for attorneys' fees and that Plaintiff failed to cite any Sixth Circuit precedent that addresses counterclaims for attorneys' fees under § 505. (Doc. No. 140 at 4-5.) Furthermore, Defendant argues that, assuming Plaintiffs' arguments to be true, Plaintiffs' pleadings in their Complaint have failed to meet this standard because Plaintiffs request such fees eight times. (*Id.* at 5.) Finally on this point, Defendant asks that, even if the Court finds the counterclaim for attorneys' fees to be impermissible, the Court allow the counterclaim to remain "so as to give notice to Plaintiffs of

Defendant's intent to seek attorney's fees for all works-at-issue for which it is found to have not infringed." (*Id.* at 6.)

The Court **GRANTS** Plaintiffs' Motion with respect to Defendant's counterclaim for attorneys' fees. Local Rule 54.01(b) quite clearly provides that a request for attorneys' fees be brought pursuant to a motion within 30 days of the entry of "final judgment." Thus, while Defendant is correct in that 17 U.S.C. § 505 does not expressly bar a counterclaim for attorneys' fees, the Local Rules have established a very clear mechanism by which a party may seek attorneys' fees, and Defendant must comply with that process. Moreover, while Plaintiffs' Complaint does include multiple requests for attorneys' fees, such requests are more properly construed as part of a broader prayer for relief attached to each claim against one or more defendants than as an independent, free-standing claim, as is the case with Defendant's counterclaim. The Court does not believe providing notice to Plaintiffs of Defendant's intent to seek attorneys' fees at entry of final judgment to be a sufficient reason to allow the counterclaim to stand. As such, the first counterclaim must be dismissed.

### C. Counterclaim for Unjust Enrichment

Plaintiffs have also moved to dismiss Defendant's second counterclaim for unjust enrichment. (Doc. No. 130 at 3-4.) In its Response, Defendant voluntarily dismisses this counterclaim. (Doc. No. 140 at 6.) Plaintiffs' Motion to Dismiss with respect to the counterclaim for unjust enrichment is, therefore, **DENIED as moot**.

### D. Counterclaim for Enforcement and/or Breach of Contract

Finally, Plaintiffs have moved to dismiss Defendant's counterclaim for enforcement and/or breach of contract. This counterclaim is based on a settlement agreement ("Agreement") that Defendant alleges Plaintiffs entered into with co-defendant JS Karaoke, granting a karaoke

license ("License") to JS Karaoke and thereby allegedly mooting all claims against Defendant. (Doc. No. 125 ¶ 107.) Defendant alleges that Plaintiffs "refuse to honor their obligations under the settlement agreement . . . and have breached the settlement agreement by filing this lawsuit," and Defendant asserts a counterclaim on this basis. (*Id.* ¶ 109.)

With respect to this counterclaim, the parties disagree as to the law to be applied to the Agreement, the relevant legal tests to be applied to the Agreement, whether the Agreement can be enforced even without a fully executed and signed writing, and whether Defendant has any rights under the Agreement as a third-party beneficiary. (*See* Doc. No. 130 at 4-17; Doc. No. 140 at 6-14.) Furthermore, Defendant asserts that Plaintiffs' argument is inappropriate for a motion to dismiss. Defendant contends that "Plaintiffs improperly argue the merits" of Defendant's counterclaim, asking "the Court to weigh the facts and make a determination that [Defendant's] allegations are factually *incorrect*, not factually *insufficient*," contrary to the standard for Rule 12(b)(6) motions. (Doc. No. 140 at 8.) Defendant takes note of the Court's prior Order on a Motion to Dismiss filed by other named defendants, wherein the Court denied the Motion because it was unable to "resolve the legal issue of whether there was a valid and enforceable settlement agreement without considering the evidence." (Doc. No. 76 at 6.)

The Court **DENIES** Plaintiffs' Motion to Dismiss with respect to the third counterclaim. As Defendant noted, the Court previously denied a Motion to Dismiss based on the Agreement filed by other named defendants, noting that the "parties presented affidavits and other forms of evidence in support of their positions." (*Id.*) The Court, at that time, refused to consider this evidence, as it went beyond the scope of the pleadings, and noted that it was unable to "resolve the legal issue of whether there was a valid and enforceable settlement agreement without considering this evidence." (*Id.*) In support of its arguments in the instant Motion to Dismiss,

Plaintiffs have cited many of the same documents. (Doc. Nos. 28-3, 34, 36, 39, and 64[2].) The Court refused to determine whether the Agreement was valid and enforceable at the time of its previous Order, and refuses to do the same—in addition to determining whether Defendant was a third-party beneficiary to the Agreement—today. These matters are legal issues that require determinations of facts beyond the scope of the pleadings, something that is improper when ruling on a motion to dismiss. Plaintiffs' Motion to Dismiss Counterclaims is therefore **DENIED** without prejudice with respect to Counterclaim 3. The parties may revisit the issue in a summary judgment motion once discovery has concluded.

Plaintiffs' Motion to Dismiss Counterclaims is therefore **GRANTED** as to Defendant's Counterclaim 1 and **DENIED** as to Counterclaims 2 and 3.

### IV. CONCLUSION

For the abovementioned reasons, Plaintiffs' Motion to Strike Affirmative Defenses is **DENIED** and Plaintiffs' Motion to Dismiss Counterclaims is **GRANTED in part** and **DENIED in part**.

It is so ORDERED.

Entered this \_\_\_\_7th_____ day of October, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] This Document is an amended version of a declaration filed as Document 34.