IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 3:09-cv-01098 |
| ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| D.J. MILLER MUSIC DISTRIBUTORS, ) | |
| INC., et al., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Alter and/or Amend Judgment and Supporting Memorandum and Alternative Request for Certification of an Interlocutory Appeal Under Rule 54(b) and/or 28 U.S.C. § 1292(b) ("Motion"). (Doc. No. 222.) Defendants JS Karaoke, LLC, Bottomlinesources.com, Inc., John E. Strauser, and Jean M. Strauser (collectively, the "JSK Defendants") have filed a Response in Opposition. (Doc. No. 244.) Also pending before the Court is Plaintiffs' Motion for Leave to File Reply (Doc. No. 253), to which the JSK Defendants have filed a Response in Opposition (Doc. No. 254). For the reasons given herein, both Motions are **DENIED**.

I. **BACKGROUND**

On July 5, 2011, the JSK Defendants filed a Motion for Judgment on the Pleadings. (Doc. No. 179.) The Court granted this motion on October 5, 2011, holding that Plaintiffs, should they elect to recover statutory damage awards against the JSK Defendants, would not be permitted to recover for duplicated songs listed in exhibits attached to their Third Amended

1

Complaint, and instead would be limited to a single statutory award per allegedly infringed song. (Doc. No. 218.) On October 19, 2011, Plaintiffs filed the instant Motion, contesting the Court's conclusion with respect to the number of statutory damages awards they may recover. (Doc. No. 222.) Plaintiffs request that, pursuant to Federal Rule of Civil Procedure 54(b), the Court alter or amend its October 5, 2011 Order ("Order"), or, in the alternative, certify "for interlocutory appeal . . . the discrete threshold question of the number of potential awards that Plaintiffs may recover," or, as a final alternative, certify the issue for appeal under 28 U.S.C. § 1292(b). (*Id.* at 5.) On November 7, 2011, the JSK Defendants filed a Response in Opposition, arguing that "Plaintiffs have no justification for seeking reconsideration from this Court" (Doc. No. 244 at 2), and asserting that Plaintiffs' request for certification should be denied as premature (*id.* at 14). On November 22, 2011, Plaintiffs filed their Motion for Leave to File Reply (Doc. No. 253), to which the JSK Defendants filed a Response in Opposition on November 23, 2011 (Doc. No. 254).

## II. MOTION FOR LEAVE TO FILE REPLY

The Court will first discuss Plaintiffs' wish to file a reply in support of their Motion to Alter and/or Amend. Plaintiffs have provided no substantive support for their Motion for Leave to File Reply, but they note that the parties currently have a mediation scheduled for December 6 and 7, 2011, and thus request a deadline of December 14, 2011 to file their reply. (Doc. No. 253 at 1.) According to Plaintiffs, "[b]ecause the parties are attempting to resolve this matter through mediation, the [JSK] Defendants will not be prejudiced by Plaintiffs' request." (*Id.*)

The JSK Defendants oppose Plaintiffs' Motion for Leave to File Reply. They assert that "Plaintiffs' Motion does not even attempt to show good cause," that Plaintiffs' Motion to Alter

and/or Amend made "identical arguments already properly rejected by this Court," and that the "Motion is a thinly veiled attempt to leverage Defendants at mediation by raising the vaporous specter that Plaintiffs potentially are entitled to greater than one statutory award per allegedly infringed work at issue in this case – a position that this Court already properly rejected." (Doc. No. 254 at 1-2.)

Plaintiffs have had ample opportunity to present their arguments on the statutory award issue, both in their original response to the JSK Defendants' Motion for Judgment on the Pleadings and in their Motion to Alter and/or Amend. Furthermore, Plaintiffs stated in their Motion to Alter and/or Amend that "[a]s a practical matter, it is unlikely that the case will settle until there is an authoritative construction of the [Copyright Act]." (Doc. No. 222 at 21.) The Court agrees that having a resolution of the statutory award question would benefit the parties' attempts to settle this case, and Plaintiffs' current desire to maintain an air of uncertainty on the issue during the parties' upcoming mediation sessions is, at best, unclear. For these reasons, Plaintiffs' Motion is **DENIED**.

### III. RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)

*A. Legal Standard*

Federal Rule of Civil Procedure 54(b) states that, in a case involving multiple claims or parties, "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b) "does not prescribe any standards or bases for revisions of prior decisions." *Al-Sadoon v. FSI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 900-01 (M.D. Tenn. 2002). The Sixth Circuit has held,

however, that the Rule, as well as common law, provides district courts the authority "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). By contrast, a moving party may not "reargue its prior position in the hope that the court will change its mind." *Al-Sadoon*, 188 F. Supp. 2d at 902.

### B. Analysis

Plaintiffs argue that the Court should alter or amend its judgment because the Court's conclusion that Plaintiffs are not permitted to recover statutory awards for duplicate song listings is "a clear error." (Doc. No. 222 at 7.) Plaintiffs first provide an extensive analysis of *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997), cited by the Court in its Order, arguing that the case supports Plaintiffs' interpretation that they can recover separate statutory damages awards for separate infringements even if Defendants are jointly and severally liable for those infringements. (Doc. No. 222. at 8-10.) Plaintiffs further argue that other cases cited by the Court are inapposite in that they fail to analyze whether multiple infringers who are not jointly and severally liable, but who have infringed the same work, "are amenable to separate statutory awards." (*Id.* at 11-13.) Moreover, Plaintiffs contend that the Court, in its Order, "impliedly ruled that in order to have the benefits and protections of the separate award provisions of the statutory damages section of the Copyright Act, all joint tortfeasors in the chain of distribution must be joined as indispensable parties," a ruling that

Plaintiffs argue is erroneous. (*Id.* at 13-17.) Finally, Plaintiffs assert that the Court wrongly dismissed their policy arguments because "this is indeed a case of first impression on its specific facts," and thus such policy arguments are necessary to give "meaningful effect to the remedial purposes" of the Copyright Act. (*Id.* at 17.)

In response, the JSK Defendants argue that Plaintiffs lack "justification for seeking reconsideration" because they "cite to no new evidence, no intervening controlling law or any clear error by this Court." (Doc. No. 244 at 2.) The JSK Defendants assert that the Court's interpretation of the Copyright Act in its Order was correct, as the statute clearly calls for calculating statutory damages on a per work, rather than per infringement, basis. (*Id.* at 5-7.) They also argue that the Ninth Circuit's decision in *Columbia Pictures* should not affect the Court's decision here because it is not a controlling case, it has been widely criticized by other courts, and it is factually dissimilar to the case at bar. (*Id.* at 7-11.) Moreover, the JSK Defendants contest that the Court impliedly ruled on joint liability, arguing that Plaintiffs did not plead "a contributory liability theory in the context of non-party upstream karaoke manufacturers." (*Id.* at 11.) On this point, the JSK Defendants also assert that Plaintiffs have not provided any facts to support a showing of direct, contributory, or vicarious liability. (*Id.* at 12-13.) Finally, the JSK Defendants make two policy arguments. First, they argue that allowing for statutory damages on a per infringement basis is contrary to Congressional intent, because Congress could have provided for statutory damage awards on a per infringement basis, rather than on a per work basis, if it had wished to do so. (*Id.* at 13.) Second, the JSK Defendants contend that the per work interpretation does not incentivize infringers to "market a greater number of different brands" because copyright owners may always "choose actual damages and

any additional profits of the infringer," rather than statutory damages, when filing suit against infringers. (*Id.* at 13-14 (citing 17 U.S.C. § 501(a)).)

The Court agrees with the JSK Defendants and **DENIES** Plaintiffs' Motion insofar as it seeks an alteration of the Court's Order. Plaintiffs have failed to establish that the Court committed "clear error" in that Order. First, and most importantly, the language of the Copyright Act clearly supports the JSK Defendants' per work interpretation: it allows a copyright owner to elect to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1). The Court fails to see how Plaintiffs' per infringement approach is at all in accord with the plain statutory language, and thus how the Court's ruling on the matter is clearly erroneous.

Moreover, Plaintiffs' discussion of case law is unavailing. As an initial matter, Plaintiffs' statement that the Court relied "in significant part" on *Columbia Pictures* in its Order is disingenuous. (Doc. No. 222 at 8.) As the JSK Defendants correctly note (Doc. No. 244 at 7), the Court cited *Columbia Pictures* as part of a string citation, referencing holdings in other Circuits that also support the per work interpretation (Doc. No. 218 at 6-7). Such a citation hardly indicates significant reliance. A more appropriate description of the Court's treatment of *Columbia Pictures* actually comes from Plaintiffs themselves: "The Court's Order . . . cites, but does not discuss" *Columbia Pictures*. (Doc. No. 222 at 12.) Rather interestingly, Plaintiffs provide this characterization in reference to two other cases cited by the Court as part of the *same string citation* in which the Court cited *Columbia Pictures*. (*See* Doc. No. 218 at 6-7.)

The fundamental problem with Plaintiffs' substantive discussion of the case law is that Plaintiffs continue to focus on the issue of joint and several liability, using that issue as one way

6

to distinguish the cases cited by the Court in its Order. For example, Plaintiffs state that *Columbia Pictures*, 106 F.3d at 294 n.7, supports their proposition that separate infringements committed by a single defendant who is *jointly and severally liable* with unrelated tortfeasors do not automatically become a single infringement under the statute. (Doc. No. 222 at 8.) In addition, Plaintiffs state that the specific issue in this case is whether multiple infringers whose liability "is not *joint and several*" would be liable for separate statutory awards when they infringe the same work. (*Id.* at 11 (emphasis added).) Further, Plaintiffs assert that *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004), which the Court cited in the above-mentioned string citation, "supports Plaintiffs' contention that if multiple infringers, *the liability of whom is not joint and several*, infringe the same work, those recordings constitute *separate infringements* and are amenable to separate statutory awards." (Doc. No. 222 at 12-13 (first emphasis added).)

Plaintiffs' discussion misses the mark because the JSK Defendants never sought a ruling, and the Court never ruled, on the JSK Defendants' joint and several liability. Rather, the Court, in its Order, carefully noted the effect of its decision:

> In granting the JSK Defendants' Motion, the Court is not determining the joint and several liability of the JSK Defendants with respect to the various works that Plaintiffs allege they have infringed. Instead, the Court only limits any potential statutory damage awards to *one award per infringed work*, whether the factfinder determines there to be joint and several or individual liability with respect to a given work. In other words, if the factfinder determines that the JSK Defendants acted jointly and severally when infringing a particular work, Plaintiffs are only limited to one award for that work. However, if the factfinder determines that multiple JSK Defendants were acting in their individual capacities, and not jointly and severally, when infringing a work, then Plaintiffs can recover one award from each individual Defendant for that work. Finally, if the factfinder determines that only one JSK Defendant infringed a work, then the

7

> Plaintiffs would of course be limited to one sole award for that infringed work.

(Doc. No. 218 at 8-9.) Plaintiffs' efforts to distinguish other cases on the basis of joint and several liability is, therefore, irrelevant, because that liability issue has yet to be determined. All that the Court has done is to state that Plaintiffs may recover "*one award per infringed work*" (*id.* at 8), not one award per "*separate infringement*[]" (Doc. No. 222 at 8).

Moreover, to the extent that Plaintiffs base their argument on potential joint and several liability with "upstream manufacturing entities" (*id.* at 7), the JSK Defendants correctly point out that such an issue is irrelevant because it is beyond the scope of the pleadings (Doc. No. 244 at 11-13). In their Third Amended Complaint, Plaintiffs bring four claims against the JSK Defendants: direct copyright infringement (Doc. No. 77 ¶¶ 49-52), contributory infringement (*id.* ¶¶ 53-56), vicarious infringement (*id.* ¶¶ 57-60), and willful copyright infringement (*id.* ¶¶ 61-64). These claims only allege violations committed by the four JSK Defendants, and, where relevant, refer to the allegedly infringing acts of other named Defendants. (*See id.* ¶¶ 49-64.) Plaintiffs do not, however, allege that "upstream manufacturers" participated in these alleged acts of infringement. (*See id.*) Accordingly, Plaintiffs' current arguments about potential joint and several liability with these non-party "upstream manufacturers" cannot be considered because such arguments are not based on allegations in the pleadings.

In sum, Plaintiffs have failed to show that the Court's Order contained a "clear error." Plaintiffs' Motion, instead, distorts the Court's analysis, focuses on irrelevant legal issues, and presents arguments that impermissibly go beyond the scope of the pleadings. Accordingly, Plaintiffs' Motion is **DENIED** insofar as it seeks an alteration or amendment of the Court's Order.

## IV. CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO RULE 54(B)

### A. *Legal Standard*

A litigant may seek immediate review of a district court's order prior to the ultimate disposition in a case under Rule 54(b). As a threshold issue, the case must involve either multiple claims or multiple parties. Fed. R. Civ. P. 54(b). Moreover, to obtain that review, a district court must make two independent findings. First, "the district court must expressly 'direct the entry of final judgment as to one or more but fewer than all the claims or parties' in a case." *Gen. Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (citing Fed. R. Civ. P. 54(b)). A district court's order is a "judgment" when "'it is a decision upon a cognizable claim for relief,'" and a judgment is deemed "final" if "'it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 1027 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

Next, "the district court must 'expressly determine that there is no just reason' to delay appellate review." *Id.* at 1026 (citing Fed. R. Civ. P. 54(b)). The district court must "balance the needs of the parties against the interests of efficient case management." *Id.* at 1027 (quoting *Curtiss-Wright Corp*, 446 U.S. at 7). The district court must "adequately explain its reasoning" and "'weigh and examine the competing factors involved in the certification decision.'" *Id.* at 1030 (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 60, 61-62 (6th Cir. 1986)). The Sixth Circuit has articulated the following "nonexhaustive list of factors" to consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such

as delay, economic and solvency considerations, shortening the
time of trial, frivolity of competing claims, expense and the like.

*Id.* (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1272, 1283 (6th Cir. 1986)).

   *B. Analysis*

Plaintiffs argue that the Court should grant a Rule 54(b) certification as to the number of statutory damage awards they can recover against the JSK Defendants because this case involves multiple claims and multiple parties and because the other two required findings are satisfied. Specifically, Plaintiffs assert that the first part of the analysis has been satisfied in that the "Order was 'final' because it addressed a pure legal question and ended the litigation with respect to the number of statutory awards that Plaintiffs are entitled to recover from the JSK Defendants." (Doc. No. 222 at 20.) Plaintiffs have failed to provide any analysis as to the second finding, that there be "no just reason to delay appellate review." (*Id.*) The JSK Defendants, in response, simply state that a Rule 54(b) certification would be "premature because the JSK Defendants dispute liability for the vast number of works at issue." (Doc. No. 244 at 14.)

The Court **DENIES** Plaintiffs' request for a Rule 54(b) certification. As an initial matter, the threshold requirement that the case involve multiple claims or multiple parties is clearly satisfied. However, the Court is not convinced that its Order resulted in a final judgment as to a *claim*. Plaintiffs are correct in that the Court's Order effectively limits the number of statutory awards that they can recover, should they elect that as their measure of damages. However, such awards are not *claims* they have brought against the JSK Defendants in a literal sense. Rather, Plaintiffs filed four *claims* against the JSK Defendants: direct copyright infringement (Doc. No. 77 ¶¶ 49-52), contributory infringement (*id.* ¶¶ 53-56), vicarious infringement (*id.* ¶¶ 57-60), and

willful copyright infringement (*id.* ¶¶ 61-64). The statutory awards, by contrast, serve as an option for recovering damages if those claims brought against the JSK Defendants are proven.

Moreover, there are at least three reasons why the second prong of the Rule 54(b) analysis weighs against certification. First, there is "a possibility that the need for review might . . . be mooted by future developments." *Gen. Acquisition, Inc.*, 23 F.3d at 1030 (quoting *Corrosioneering, Inc.*, 807 F.2d at 1283). As the JSK Defendants have noted, Plaintiffs "do not have to elect statutory damages – they are entitled to choose actual damages and any additional profits of the infringer." (Doc. No. 244 at 13-14 (citing 17 U.S.C. § 501(a)).) Plaintiffs could, therefore, choose to recover actual damages, rendering the statutory damage question moot.

Second, the Sixth Circuit has a negative view of appellate review of damage questions before there has been a determination of liability. *See, e.g.*, *Gen. Acquisition, Inc.*, 23 F.3d at 1031 ("Appellate review of a question of damages prior to any determination of liability puts the proverbial cart before the horse, and such certifications are clearly reversible under the law of this circuit."). The fact that there has not yet been a determination of the JSK Defendants' liability counsels against certifying the issue of how many potential statutory damage awards Plaintiffs may recover against them.

Finally, the Court notes that, in their discussion of certification pursuant to 28 U.S.C. § 1292(b), discussed more fully in the subsequent section, Plaintiffs stated that, "[a]s a practical matter, it is unlikely that the case will settle until there is an authoritative construction of the statute." (Doc. No. 222 at 21.) In *Lowery v. Federal Express Corp.*, the Sixth Circuit expressed some hesitancy as to the role that a potential settlement should play in granting a Rule 54(b) certification. 426 F.3d 817, 823 (6th Cir. 2005). In that case, the district court had "placed great weight on the possibility that an immediate appeal might result in a voluntary settlement that

11

would obviate the need for any trial at all." *Id.* In particular, "the district court explained that, 'as a practical matter,' 'the availability of punitive and compensatory damages under [the] [p]laintiff's Title VII claims creates a vast discrepancy between the amount of money damages that the [p]laintiff may potentially recover based on his state law breach of contract claim alone.'" *Id.* The Sixth Circuit acknowledged that "[t]he prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighed against the possibility that the same issues might be presented in a subsequent appeal." *Id.* (citing *Curtiss-Wright*, 446 U.S. at 8 n.2.). However, it found the district court's reasoning to be inappropriate, because it "suggest[s] less of an interest in judicial administration and more of an effort to induce settlement." *Id.*

The Court finds that the same concerns expressed by the Sixth Circuit in *Lowery* are present here. While Plaintiffs assert that, in addition to aiding settlement negotiations, "resolution of this issue of law directly affects other claims that are being addressed in the litigation between all parties," Plaintiffs fail to explain how. (Doc. No. 222 at 21.) Moreover, the Court is struck by Plaintiffs' explicit acknowledgement that "the difference in the potential damages" is a material consideration to this issue. (*Id.*) The Court recognizes that Plaintiffs believe that they are entitled to nearly three times as many statutory awards as the JSK Defendants. However, Plaintiffs' concerns about the potential difference in damage awards in discussing the validity of certification resemble the analysis discouraged by the Sixth Circuit in *Lowery*. Plaintiffs' attempt to invoke the permissible consideration of potential settlement acknowledged in *Lowery* and *Curtiss-Wright*, therefore, is unavailing.

In short, while the Court does not doubt that having a definitive answer on the statutory award question will impact the parties' settlement negotiations, the Court is not persuaded by

12

Plaintiffs' explanation of the issue and does not find that this case otherwise satisfies the requirements for certification under Rule 54(b). The Court therefore **DENIES** Plaintiffs' request for a Rule 54(b) certification.

### V.  CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

*A. Legal Standard*

Pursuant to 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A question of law is determined to be "controlling 'if it could materially affect the outcome of the case,' or if 'reversal [of the order at issue] would substantially alter the course of the district court proceedings or relieve the parties of significant burdens.'" *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc.*, No. 3:04-cv-0582, 2010 U.S. Dist. LEXIS 5554, at *10 (M.D. Tenn. Jan. 25, 2010) (quoting *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) and *Gaylord Entm't Co. v. Gillmore Entm't Grp.*, 187 F. Supp. 2d 926, 957 (M.D. Tenn. 2001)). Second, there is a "substantial ground for difference of opinion" "when '(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.'" *Id.* at *11 (quoting *Gaylord*, 187 F. Supp. 2d at 956). As to the final element, "'[w]hen litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.'" *In re City of Memphis*, 293 F.3d at 351 (second alteration in original) (quoting

13

*White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350 (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

      *B. Analysis*

Plaintiffs summarize the relevant question of law for the purposes of § 1292(b) certification as: "whether it was proper for the Court to limit the number of statutory damages that Plaintiffs are entitle [*sic*] to recover from the JSK Defendants." (Doc. No. 222 at 21.) Plaintiffs provide very little additional argument as to their § 1292(b) certification request. Plaintiffs simply assert in conclusory fashion that their proffered question is a "question of law as to which there is substantial ground for difference of opinion." (*Id.*) They further argue that having an answer to this question from the Sixth Circuit would "materially advance the termination of the litigation" because it would affect settlement negotiations and because it would "affect[] other claims that are being addressed in the litigation between all parties." (*Id.*)

The JSK Defendants have not responded to Plaintiffs' request for § 1292(b) certification. Their sole argument as to certification of an interlocutory appeal in general was that certification under Rule 54(b) would be "premature because the JSK Defendants dispute liability for the vast number of works at issue." (Doc. No. 244 at 14.) The Court assumes that the JSK Defendants would make a similar argument in opposition to Plaintiffs' request for certification under § 1292(b). However, such an argument is unavailing because the possibility that an appeal would "materially advance the ultimate termination of the litigation" is an explicit consideration under the statute. Moreover, to the extent that the "ultimate termination" of a case may occur due to a settlement between the parties, the JSK Defendants' argument about liability would be irrelevant, as settlement agreements regularly exclude any admissions as to liability.

Nevertheless, the Court **DENIES** Plaintiffs' request for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) because the Court does not find that there is a "substantial ground for difference of opinion" in this case. *Hyundai Translead, Inc.*, 2010 U.S. Dist. LEXIS 5554, at *11 (quoting *Gaylord*, 187 F. Supp. 2d at 956). The statutory damages question may be an "'issue . . . of first impression,'" *id.* (quoting *Gaylord*, 187 F. Supp. 2d at 956), in that the Court was unable to find any controlling Sixth Circuit case law on this issue when deciding the JSK Defendants' Motion for Judgment on the Pleadings (*see* Doc. No. 218 at 6-7). However, this District has held that:

> "Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling. Serious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion."

*Hyundai Translead, Inc.*, 2010 U.S. Dist. LEXIS 5554, at *17 (quoting *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield*, No. 04-73400, 2009 U.S. Dist. LEXIS 96767, at *6-7 (E.D. Mich. Oct. 20, 2009)). Thus, a novel legal question is not a sufficient reason to certify an issue for interlocutory appeal. Plaintiffs have provided no argument as to why there is a "substantial ground for difference of opinion" here, and the Court is disinclined to make arguments for them. In any event, the Court does not find that there is "serious doubt" as to the statutory damages issue, given its analysis above, *supra* Section III.

In sum, because certification "under § 1292(b) is granted sparingly and only in exceptional cases," *In re City of Memphis*, 293 F.3d at 350 (citing *Kraus*, 364 F.2d at 922), and because Plaintiffs have failed to persuade the Court as to why this case is "exceptional," the Court **DENIES** their request for certification under 28 U.S.C. § 1292(b).

## VI. Conclusion

For the abovementioned reasons, Plaintiffs' Motion to Alter and/or Amend Judgment and Supporting Memorandum and Alternative Request for Certification of an Interlocutory Appeal Under Rule 54(b) and/or 28 U.S.C. § 1292(b) (Doc. No. 222.) and Motion for Leave to File Reply (Doc. No. 253) are **DENIED**.

It is so ORDERED.

Entered this ___2nd_____ day of December, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT