IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:09-cv-01098 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| D.J. MILLER MUSIC DISTRIBUTORS, ) | |
| INC., et al., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion and Supporting Memorandum to Dismiss Counterclaim No. 5 of Bottomlinesources.com, Inc. ("Motion"). (Doc. No. 249.) Plaintiffs seek dismissal of Defendant Bottomlinesources.com, Inc.'s Tennessee Consumer Protection Act (TCPA) counterclaim. (*Id.* at 1.) In their Motion, Plaintiffs note that the Court previously granted a similar motion that Plaintiffs had filed against co-Defendant JS Karaoke, resulting in a dismissal of JS Karaoke's TCPA counterclaim. (*Id.* at 2.) Defendant has filed a Response in Opposition to Plaintiffs' Motion, presenting both procedural and substantive arguments as to why the Court should deny Plaintiffs' Motion. (Doc. No. 255.) For the reasons stated below, Plaintiffs' Motion is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." *See also* 5C Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1385 (3d ed. 2011) ("The rule generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion."). Rule 12(h)(2) provides an exception to

1

Rule 12(g)(2) for a defense of failure to state a claim upon which relief can be granted, stating that such a defense can be raised "in any pleading allowed or ordered under Rule 7(a),"[1] "by a motion under Rule 12(c)," or "at trial."

In *Swart v. Pitcher*, the Sixth Circuit, referring to Rules 12(g) and 12(h)(2), affirmed a district court's denial of the defendants' motion to dismiss on the grounds that the "second pre-answer motion was an improper pleading and grounds for denial of the motion." No. 92-2401, 1993 WL 406802, at *2-3 (6th Cir. Oct. 8, 1993). The Sixth Circuit noted that "defendants could still raise [their defense of] qualified immunity in their answer, in a motion for judgment on the pleadings, in a summary judgment, or at trial." *Id.* at *3. In addition, more recently, the Southern District of Ohio denied the defendants' motions to dismiss because the defendants had "fail[ed] to interpose" all available defenses when filing their initial motions under Rule 12. *Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 WL 3172648, at *3 (S.D. Ohio Sept. 30, 2009).

In this case, Plaintiffs filed a total of six motions to dismiss on December 6, 2010, including motions to dismiss several counterclaims brought by Defendant (Doc. Nos. 107, 109, & 111), as well as a motion to dismiss co-Defendant JS Karaoke's TCPA counterclaim (Doc. No. 116). The Court issued its Order on all such motions to dismiss on October 7, 2011, which included dismissal of JS Karaoke's TCPA counterclaim. (Doc. No. 220.) Plaintiffs clearly could have moved to dismiss Defendant's TCPA counterclaim on December 6, 2010 as well, but failed to do so. Having neglected to move for dismissal of Defendant's TCPA counterclaim in their initial motions to dismiss, pursuant to Rule 12(g)(2), Plaintiffs cannot now move for dismissal of the counterclaim. Though Plaintiffs may now wish to take advantage of the Court's ruling in

---

[1] On the same day that Plaintiffs filed the pending Motion, Plaintiffs filed an Answer to Defendant's counterclaims, in which they asserted an affirmative defense that Defendant "fails to state a claim upon which relief can be granted for the violation of the [TCPA]." (Doc. No. 248 at 4.)

their favor on JS Karaoke's TCPA counterclaim and seek dismissal of the same counterclaim brought by Defendant, a motion under Rule 12(b)(6) is not the proper mechanism for such a request. Accordingly, Plaintiffs' Motion is **DENIED**.

It is so ORDERED.

Entered this \_\_\_\_\_1st\_\_\_\_\_ day of December, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT